UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL EMPLOYEES HEALTH PLAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>                vs.<br><br>JOHNSON & JOHNSON and JANSSEN BIOTECH, INC.,<br><br>    Defendants. | Case No. 17-cv-04326<br><br>The Honorable J. Curtis Joyner |
| UFCW LOCAL 1500 WELFARE FUND, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>                vs.<br><br>JOHNSON & JOHNSON and JANSSEN BIOTECH, INC.,<br><br>    Defendants. | Case No. 17-cv-04830<br><br>The Honorable J. Curtis Joyner |
| CITY OF PROVIDENCE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>                vs.<br><br>JOHNSON & JOHNSON and JANSSEN BIOTECH, INC.,<br><br>    Defendants. | Case No. 17-cv-05058<br><br>The Honorable J. Curtis Joyner |

**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING SERVICE, CONSOLIDATION, APPOINTMENT OF INTERIM CLASS COUNSEL, AND TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND**

WHEREAS, on September 20, 2017, Pfizer Inc. filed suit on behalf of itself against Johnson & Johnson and Janssen Biotech, Inc. ("Defendants"), *Pfizer Inc. v. Johnson & Johnson, et al.*, case no. 17-cv-04180 ("Pfizer Action"). The case was assigned to this Court before the Honorable J. Curtis Joyner.

WHEREAS, on September 29, 2017, National Employees Health Plan filed a class action complaint against Defendants based on similar facts as the Pfizer Action, *National Employees Health Plan v. Johnson & Johnson, et al.*, case no. 17-cv-04326 (the "National Employees Health Plan Action"). This Action was filed in this District, related to the Pfizer Action, and assigned to this Court.

WHEREAS, on October 27, 2017, UFCW Local 1500 Welfare Fund filed a class action complaint based on similar facts as the Pfizer Action, *UFCW Local 1500 Welfare Fund v. Johnson & Johnson, et al.*, case no. 17-cv-04830 (the "Local 1500 Action"). This Action was filed in this District, related to the Pfizer and National Employees Health Plan Actions, and assigned to this Court.

WHEREAS, on November 9, 2017, City of Providence filed a class action complaint based on similar facts as the Pfizer Action, *City of Providence v. Johnson & Johnson, et al.*, case no. 17-cv-05058 (the "City of Providence Action"). This Action was filed in this District, related to the National Employees Health Plan and Local 1500 Actions, and assigned to this Court.

WHEREAS, the National Employees Health Plan Action, the Local 1500 Action, and the City of Providence Action are collectively referred to as the "Remicade Class Actions."

1

WHEREAS, on October 17, 2017, the Court extended the time for Defendants in the National Employees Health Plan Action to answer, move, or otherwise respond to the complaint to November 28, 2017. There have been no prior requests in the Local 1500 and the City of Providence Actions to extend any deadlines.

WHEREAS, the date to answer, move, or otherwise respond to the Local 1500 Action is November 24, 2017, and the date to answer, move, or otherwise respond to the City of Providence Action is no later than December 15, 2017.

WHEREAS, the Parties believe that organizing and consolidating the Remicade Class Actions will promote efficiency in managing and litigating the cases.

ACCORDINGLY, pursuant to Local Rule 7.4, the undersigned parties hereby stipulate, and the Court orders, as follows:

1. Defendants agree that they have been properly served with Plaintiffs' Summonses and Complaints in the Remicade Class Actions or that they waive service of process under Rule 4(d) of the Federal Rules of Civil Procedure. Defendants agree to accept service of a Consolidated Amended Complaint. Defendants otherwise expressly reserve the right to challenge the Remicade Class Action complaints and any Consolidated Amended Complaint on any and all grounds, including personal jurisdiction.

2. Defendants' deadlines to answer, move, or otherwise respond to the complaints in each of the Remicade Class Actions, to the extent that such deadlines presently exist, are stayed as provided in this Stipulation. The stay shall be without prejudice to any party's right to seek relief from the stay.

3. The individual cases comprising the Remicade Class Actions are consolidated under docket number 17-cv-04326 and captioned as "*In re Remicade Antitrust Litigation.*"

4. Any additional class action complaints filed in this district containing substantially similar allegations as those in, and related to, *In re Remicade Antitrust Litigation* and accepted by the Court as such (a "Subsequent Action") shall also be consolidated under docket number 17-cv-04326. Plaintiffs in *In re Remicade Antitrust Litigation* shall serve written notice of such consolidation on the plaintiff(s) in the Subsequent Action and on any defendant in such Action who is not a party in *In re Remicade Antitrust Litigation*, and any party in the Subsequent Action shall have ten (10) days from the date that notice is served to file a motion with the Court objecting to such consolidation and setting forth the basis for objection.

5. The following schedule shall apply to the Remicade Class Actions:

    a. Organization of Counsel: On December 12, 2017, all Plaintiffs' counsel in the Remicade Class Actions seeking appointment as interim class counsel under Rule 23(g) of the Federal Rules of Civil Procedure shall file an application with the Court. These applications shall address each of the Rule 23(g) factors, to the extent they are applicable. The applications shall be limited to ten (10) pages double spaced. Responses to these applications shall be due on December 19, 2017 and shall be limited to five (5) pages double spaced. If Plaintiffs' counsel have agreed on a proposed leadership structure, they will move the Court for approval of the proposed structure on or before December 12, 2017.

    b. **Consolidated Amended Complaint**: Plaintiffs shall file a Consolidated Amended Complaint ("CAC") 30 days following the Court's appointment of interim class counsel.

      c.      **Response to CAC**: Defendants shall, as permitted by Federal Rule of Civil Procedure 12, answer, move, or otherwise plead in response to the CAC 45 days after the CAC is filed in *In re Remicade Antitrust Litigation*. Plaintiffs in *In re Remicade Antitrust Litigation* shall have 45 days from the filing and service of any motions to file and serve any memoranda in opposition thereto. Any reply memoranda shall be filed 30 days after service and filing of any opposition memoranda. If a filing deadline falls on a weekend or federal holiday, the memorandum shall be filed on the first business day following such weekend or holiday.

**IT IS SO STIPULATED AND ORDERED.**

DATED: November 21, 2017

By: /s/ Gregory S. Asciolla
Gregory S. Asciolla (admitted *pro hac vice*)
Jay L. Himes (admitted *pro hac vice*)
Robin A. van der Meulen (admitted *pro hac vice*)
Matthew J. Perez (admitted *pro hac vice*)
Brian Morrison (admitted *pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
gasciolla@labaton.com
jhimes@labaton.com
rvandermeulen@labaton.com
mperez@labaton.com
bmorrison@labaton.com

By: /s/ Patrick J Coughlin
Patrick J. Coughlin (admitted *pro hac vice*)
David W. Mitchell
Brian O. O'Mara
Alexandra S. Bernay (admitted *pro hac vice*)
Carmen A. Medici (admitted *pro hac vice*)
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423
patc@rgrdlaw.com
davidm@rgrdlaw.com
bomara@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

*and*

Randi D. Bandman (admitted *pro hac vice*)
30 Vesey Street, Suite 200
New York, NY 10007
Tel: (212) 693-1058
Fax: (212) 693-7423
randib@rgrdlaw.com

Howard J. Sedran
Austin B. Cohen
Keith J. Verrier
LEVIN SEDRAN & BERMAN
510 Walnut Street - Suite 500

Philadelphia, PA 19106
Tel: (215) 592-1500
Fax: (215) 592-4663
hsedran@lfsblaw.com
acohen@lfsblaw.com
kverrier@lfsblaw.com

*Counsel for UFCW Local 1500 Welfare Fund*


By: /s/ Whitney Street
Whitney E. Street (admitted *pro hac vice*)
BLOCK & LEVITON LLP
610 16th Street, Suite 214
Oakland, CA 94612
Tel: (415) 968-1852
wstreet@blockesq.com

Jeffrey C. Block
Stephen J. Teti (admitted *pro hac vice*)
BLOCK & LEVITON LLP
155 Federal Street, Suite 400
Boston, MA 02110
Tel: (617) 398-5600
jblock@blockesq.com
steti@blockesq.com

Deborah R. Gross
KAUFMAN, COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 735-8700
dgross@kcr-law.com

*Counsel for City of Providence*

Howard S. Susskind
SUGARMAN & SUSSKIND, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Tel: (305) 529-2801
Fax: (305) 447-8115

James C. Shah
Natalie Finkelman Bennett
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
475 White Horse Pike
Collingswood, NJ 08107
Tel: (856) 858-1770
Fax : (866) 300-7367
jshah@sfmslaw.com
nfinkelman@sfmslaw.com

*Counsel for National Employees Health Plan*

By: /s/ Leslie E. John
Leslie E. John
Matthew Vahey
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel: (215) 665-8500
johnl@ballardspahr.com
vaheym@ballardspahr.com

William F. Cavanaugh, Jr. (*pro hac vice forthcoming*)
Adeel A. Mangi (*pro hac vice forthcoming*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Tel: (212) 336-2000
wfcavanaugh@pbwt.com
aamangi@pbwt.com

Thomas Barnett (*pro hac vice forthcoming*)
Ashley Bass (*pro hac vice forthcoming*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington DC 20001-4956
Tel: (202) 662-6000
tbarnett@cov.com
abass@cov.com

*Attorneys for Defendants Johnson & Johnson and Janssen Biotech Inc.*

APPROVED BY THE COURT:

DATED: <u>November 21, 2017</u>     <u>s / J. Curtis Joyner</u>
                                     HON. J. CURTIS JOYNER
                                     UNITED STATES DISTRICT JUDGE