```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE: REMICADE ANTITRUST      :    CIVIL ACTION
LITIGATION                     :
                               :
                               :
                               :    NO. 17-CV-4326
```

**MEMORANDUM**

Joyner, J.                                          January 22, 2018

Before the Court are Plaintiff National Employees Health Plan's ("NEHP") and Plaintiff Local 295 IBT Employer Group Welfare Fund's ("Local 295") Motion to Appoint Robbins Geller Rudman & Dowd LLP as Interim Class Counsel and Jayne A. Goldstein of Shepherd, Finkelman, Miller & Shah, LLP as Interim Liaison Counsel (Doc. Nos. 36 & 37), Plaintiff UFCW Local 1500 Welfare Fund's Application to Appoint Gregory S. Asciolla of Labatton Sucharow LLP to Plaintiffs' Steering Committee (Doc. No. 35), Plaintiff City of Providence, Rhode Island's Application to Appoint Whitney E. Street of Block & Leviton LLP to Plaintiffs' Steering Committee (Doc. No. 40), Plaintiff Twin Cities Pipe Trades Welfare Fund's Application to Appoint Heidi M. Silton of Lockridge Grindal Nauen P.L.L.P. to Plaintiffs' Steering Committee and Dianne Nast of NastLaw LLC as Interim Liaison Counsel (letter dated Dec. 12, 2017), and the parties' responses thereto (Doc. Nos. 43 and 44). For the following reasons, the Court GRANTS Plaintiffs NEHP and Local 295's Motion to Appoint

Robbins Geller Rudman & Dowd LLP as Interim Class Counsel and Jayne A. Goldstein of Shepherd, Finkelman, Miller & Shah, LLP as Interim Liaison Counsel and DENIES the remaining Applications.

## I. Background

Multiple plaintiffs appear before the Court asserting claims as direct-purchasers against Janssen Biotech, Inc. ("Janssen") and its parent, Johnson & Johnson. Each of these plaintiffs have asserted individual claims on behalf of themselves and class action claims on behalf of those similarly situated. The plaintiffs contend that Defendants Janssen and Johnson & Johnson have violated state and federal antitrust laws by undertaking anticompetitive conduct with regard to their pharmaceutical medication, Remicade. The Court has since consolidated these class action lawsuits into this single action. The Court then provided plaintiffs' counsel the opportunity to organize and seek the appointment as interim class counsel. As discussed below, the Court now has two competing applications for such appointment.

## II. Legal Standard

Under Rule 23 of the Federal Rules of Civil Procedure, a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The same factors enumerated in Rule 23(g)(1) that govern the appointment of class

counsel apply when appointing interim class counsel. In re Shop-Vac Mktg. & Sales Practices Litig., No. 4:12-md-2380, 2013 WL 183855, at *1 (M.D. Pa. Jan. 17, 2013); see also Santos v. Carrington Mortgage Services, LLC, No. 2:15-cv-864, 2017 WL 215969, at *1 (D.N.J. Jan. 18, 2017). Rule 23(g)(1) provides that, in making such an appointment, the Court:

> (A) must consider:
>> (i) the work counsel has done in identifying or investigating potential claims in the action;
>> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>> (iii) counsel's knowledge of the applicable law; and
>> (iv) the resources that counsel will commit to representing the class;
>
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>
> (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;
>
> (D) may include in the appointing order provisions

about the award of attorney's fees or nontaxable costs under Rule 23(h); and

(E) may make further orders in connection with the appointment.

Fed. R. Civ. P. 23(g)(1). When more than one adequate applicant seeks appointment as interim class counsel, the Court must "appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

**III. Discussion**

There are two competing applications before the Court. Plaintiffs NEHP and Local 295 propose that attorneys from Robbins Geller Rudman & Dowd LLP ("Robbins Geller") act as interim class counsel, representing the proposed class under a single-firm structure. Plaintiffs UFCW Local 1500 Welfare Fund, City of Providence, and Twin Cities Pipe Trades Welfare Fund propose the creation and appointment of a Plaintiffs' Steering Committee ("PSC"), whereby three attorneys would lead a coordinated multi-firm effort to represent the proposed class.

The applications demonstrate, to the Court's satisfaction, that Robbins Geller and the members of the proposed PSC are adequate to serve as interim counsel under the factors set forth in Rule 23(g)(1). Both groups of attorneys have worked diligently in identifying and investigating potential claims. Both groups have significant experience in handling complex

4

antitrust class action litigation.  Both groups appear to have a strong grasp on the applicable law.  Lastly, both groups appear to have more than adequate resources at their disposal to represent the proposed class.  Because there are two competing applications, both of which we find adequate under the factors listed in Rule 23(g)(1), we must now determine which application is "best able to represent the interests of the class."  Fed. R. Civ. P. 23(g)(2).

At this point in the litigation, we believe the proposed class is best served under a single-firm structure advanced by NEHP and Local 295.  The PSC applicants are correct that a multi-firm structure may, at times, promote effective representation of the class's interests.  However, this is not such a case.  With attorneys from three firms working on behalf of the proposed class, the PSC naturally runs a greater risk of increased costs, difficulties in managing the litigation, and efficiently delegating tasks.  See In re Milestone Scientific Sec. Litig., 187 F.R.D. 165, 181 (D.N.J. 1999).  The PSC has not demonstrated how the possible benefits derived from a multi-firm structure outweigh these inherent risks.  We will therefore not burden the proposed class with the litigation-by-committee approach. Accordingly, we find in favor of NEHP and Local 295's proposal and approve Robbins Geller as the interim class counsel and Jayne A. Goldstein of Shepherd, Finkelman, Miller & Shah, LLP as

Interim Liaison Counsel.[1]

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiffs NEHP and Local 295's Motion and DENIES the remaining Applications. An appropriate order will follow.

---

[1] Should this litigation significantly increase in scope, or upon any other showing of good cause, this Court is willing to reconsider this ruling.