IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: REMICADE ANTITRUST LITIGATION | : : : : : : | CIVIL ACTION<br><br><br><br>NO. 17-CV-4326 |

**ORDER**

AND NOW, this   22nd   day of January, 2018, upon consideration of Plaintiff National Employees Health Plan's ("NEHP") and Plaintiff Local 295 IBT Employer Group Welfare Fund's ("Local 295") Motion to Appoint Robbins Geller Rudman & Dowd LLP as Interim Class Counsel and Jayne A. Goldstein of Shepherd, Finkelman, Miller & Shah, LLP as Interim Liaison Counsel (Doc. Nos. 36 & 37), Plaintiff UFCW Local 1500 Welfare Fund's Application to Appoint Gregory S. Asciolla of Labatton Sucharow LLP to Plaintiffs' Steering Committee (Doc. No. 35), Plaintiff City of Providence, Rhode Island's Application to Appoint Whitney E. Street of Block & Leviton LLP to Plaintiffs' Steering Committee (Doc. No. 40), Plaintiff Twin Cities Pipe Trades Welfare Fund's Application to Appoint Heidi M. Silton of Lockridge Grindal Nauen P.L.L.P. to Plaintiffs' Steering Committee and Dianne Nast of NastLaw LLC as Interim Liaison Counsel (letter dated Dec. 12, 2017), and the parties' responses thereto (Doc. Nos. 43 and 44), it is hereby ORDERED that:

1)   Pursuant to Rule 23(g)(3) of the Federal Rules of Civil

Procedure, the Court hereby appoints Robbins Geller Rudman & Dowd LLP as Plaintiffs' Interim Class Counsel and Jayne A. Goldstein of Shepherd, Finkelman, Miller & Shah, LLP as Interim Liaison Counsel.

2) Plaintiffs' Interim Class Counsel shall be responsible for performing work to advance the litigation for the common benefit of all Plaintiffs and proposed class members, including all Plaintiffs and proposed class members in related actions subsequently filed in or transferred to this District (collectively, "Plaintiffs"). Plaintiffs' Interim Class Counsel's responsibilities for coordinating and organizing Plaintiffs in the conduct of this litigation shall:

(a) Organize and conduct pretrial law and motion practice, including class certification;

(b) Organize and conduct discovery, including the conduct of all discovery on behalf of Plaintiffs consistent with Rule 26 of the Federal Rules of Civil Procedure;

(c) Act as spokesperson at pretrial conferences;

(d) Enter into stipulations with opposing counsel, as necessary, for the conduct of the litigation;

(e) Consult with and retain experts, as

necessary;

(f) Conduct trial and post-trial proceedings;

(g) Encourage cooperation and efficiency among all Plaintiffs' counsel;

(h) Call meetings of Plaintiffs' counsel, when appropriate;

(i) Make all work assignments for Plaintiffs' counsel;

(j) Monitor the activities of all Plaintiffs' counsel to ensure that the litigation is conducted effectively, orderly, efficiently and economically;

(k) Ensure that schedules are met, and that unnecessary, duplicative, or unproductive expenditures of time and expense are avoided; and

(l) Negotiate with defense counsel with respect to settlement and other matters, if and as appropriate.

3) Liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group, and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison

group. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request.

4) Plaintiffs' Interim Class Counsel shall also be the contact between Plaintiffs' counsel and counsel for Defendants, as well as the spokespersons for Plaintiffs' counsel, including Plaintiffs' counsel in related actions subsequently filed in or transferred to this District.

5) No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Class Counsel.

BY THE COURT:

s/J. Curtis Joyner
J. CURTIS JOYNER,   J.