## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE REMICADE ANTITRUST LITIGATION | : | CIVIL ACTION |
| This document relates to: | : | |
| Indirect Purchaser Actions | : | No. 17-cv-04326 (consolidated) |
| Direct Purchaser Actions | : | No. 18-cv-00303 (consolidated) |

| | | |
|---|---|---|
| PFIZER INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 17-cv-04180 |
| JOHNSON & JOHNSON and JANSSEN BIOTECH, INC., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| WALGREEN CO. and THE KROGER CO., | : | CIVIL ACTION |
| Plaintiffs, | : | No. 18-cv-02357 |
| v. | : | |
| JOHNSON & JOHNSON and JANSSEN BIOTECH, INC., | : | |
| Defendants. | : | |

### ORDER SETTING PRETRIAL SCHEDULE AND DEPOSITION LIMITS

Consistent with the Court's rulings at the Rule 16 case management conference on September 27, 2018, the Court orders the following:

1. The following limits shall apply to party depositions:

    a. Defendants are subject to a total of 20 party depositions. Plaintiffs will coordinate in the taking of those depositions.

    b. Plaintiff Pfizer Inc. is subject to a total of 20 party depositions by Defendants.

  c. Each of the direct purchaser class plaintiffs, indirect purchaser class plaintiffs, and Plaintiffs Walgreen Co. and the Kroger Co. is subject to two party depositions by Defendants (a total of twelve depositions).

  d. Individuals and entities affiliated with the parties, including current and former employees, shall count toward the party deposition limits.

2. The following procedure shall apply for counting Rule 30(b)(6) depositions toward the deposition limits set forth in this Order:

  a. Any Rule 30(b)(6) deposition of a named party counts as 1 deposition no matter the number of witnesses designated to testify, unless the deposition exceeds 7 hours. In the event that a Rule 30(b)(6) deposition exceeds 7 hours, the additional hours shall count as an additional deposition or the pro rata portion of an additional deposition (e.g., if a Rule 30(b)(6) deposition lasts 14 hours, it shall count as 2 depositions out of the total party depositions allocated per side; if a Rule 30(b)(6) deposition lasts 10.5 hours, it shall count as 1½ depositions out of the total party depositions allocated per side).

  b. Subject to the per-side deposition cap, the parties are not precluded from seeking the deposition of a Rule 30(b)(6) designee in their individual capacity, which will count as an additional deposition.

3. The following limits shall apply to third party depositions:

  a. Each side (*i.e.*, all Plaintiffs constituting one side and Defendants constituting the other side) may take up to 45 third-party depositions.

  b. Third-party depositions will not count toward the per-side deposition cap

for party depositions.

c. If only Plaintiff(s) or only J&J has noticed the third party's deposition, the noticing party will be allowed up to six hours of examination, allowing the other side up to one hour of examination.

d. In the event Plaintiff(s) and J&J notice the same deposition, Plaintiff(s) and J&J will each be allocated three-and-a-half hours of examination time.

e. If one side does not use its full allotted time for all examinations of the witness (including direct and re-direct), the other side may use any remaining time for their examination.

f. Plaintiffs collectively count as one side for purposes of these allocations.

4. Notwithstanding the limits set forth above, the parties may seek leave from the Court for additional examination time or to exceed the limits if they reasonably and in good faith believe such additional examination time or depositions are necessary.

5. The following pretrial deadlines shall apply in the above-captioned cases:

| **Event** | **Deadline** |
|---|---|
| Rule 26(a) initial disclosures due | October 11, 2018 |
| Defendants produce, from April 1, 2014 to September 27, 2018, (i) in-house transaction-level data for Remicade sales, and (ii) executed contracts and signed agreements relating to the purchase, reimbursement, coverage, discounting, or rebating of Remicade; Pfizer produces, from April 1, 2014 to September 27, 2018, (i) in-house transaction-level data for Inflectra sales and (ii) executed contracts and signed agreements relating to the purchase, reimbursement, coverage, discounting, or rebating of Inflectra; DPPs and retailers produce, from April 1, 2014 to September 27, 2018, (i) in-house transaction-level data for all purchases of infliximab products and (ii) executed contracts and signed agreements | December 11, 2018 |

| Event | Deadline |
|---|---|
| relating to the purchase of infliximab products from Defendants, Pfizer, and/or Merck; and IPPs produce, from April 1, 2014 to September 27, 2018, (i) in-house transaction-level data for all reimbursements of infliximab products and (ii) executed contracts and signed agreements relating to the purchase, reimbursement, coverage, discounting, or rebating of infliximab products | |
| Substantial completion of document productions | May 24, 2019 |
| Close of fact discovery | January 27, 2020 |
| Plaintiffs shall identify and submit Curriculum Vitae for all expert witnesses on or before | January 27, 2020 |
| Plaintiffs' Expert Reports (class and merits) | March 2, 2020 |
| DPP and IPP Class Certification Motions | March 2, 2020 |
| Defendants shall identify and submit Curriculum Vitae for all expert witnesses on or before | March 9, 2020 |
| Defendants' Expert Reports (class and merits) | May 4, 2020 |
| Defendants' Opposition to Motions for Class Certification including any motions challenging Plaintiffs' Expert(s) re class | May 4, 2020 |
| Plaintiffs' Rebuttal Expert Reports (class and merits) | June 1, 2020 |
| DPP and IPP Replies in Support of Class Certification, including oppositions to any motions challenging Plaintiffs' Expert(s) re class | June 1, 2020 |

4

| Event | Deadline |
|---|---|
| Defendants' reply on any motion challenging Plaintiffs' Expert(s) re class | June 22, 2020 |
| Close of Expert Discovery (all expert depositions to be completed) | June 22, 2020 |
| Defendants' sur-reply on class certification (if sought and permitted) | June 30, 2020 |
| Motions for summary judgment and *Daubert* motions | July 14, 2020 |
| Responses to motions for summary judgment and *Daubert* motions | August 25, 2020 |
| Replies in support of motions for summary judgment and *Daubert* motions | September 22, 2020 |
| Pretrial conference regarding scheduling | At the earliest opportunity the Court has to meet with the parties after ruling on motions for summary judgment |
| Exchange of marked trial exhibits and court conference regarding trial and trial submissions | 1 month after ruling on motions for summary judgment |
| Joint Pretrial Memoranda in accordance with Local Rule Civil Procedure 16.1(c) | 2 weeks after the above date |
| Plaintiffs' and Defendants' Pretrial Memoranda | 1 week after above date |
| Cases placed on Court's trial pool | 2 weeks after above date |

Dated: October 3, 2018               Respectfully submitted,


/s Adeel Mangi                        /s Ross E. Elfand

Leslie E. John (PA Id. No. 62290)
Matthew I. Vahey (PA Id. No. 315920)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
john@ballardspahr.com
vaheym@ballardspahr.com

William F. Cavanaugh (*pro hac vice*)
Adeel A. Mangi (*pro hac vice*)
Jonathan H. Hatch (*pro hac vice*)
George LoBiondo (*pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Tel: (212) 336-2000
wfcavanaugh@pbwt.com
aamangi@pbwt.com
jhatch@pbwt.com
jmdavies@pbwt.com

Thomas O. Barnett (*pro hac vice*)
Ashley E. Bass (*pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: (202) 662-6000
tbarnett@cov.com
abass@cov.com

*Counsel for Johnson & Johnson and Janssen Biotech, Inc.*

Robert A. Milne (*Pro Hac Vice*)
Michael J. Gallagher (*Pro Hac Vice*)
Bryan D. Gant (*Pro Hac Vice*)
Ross E. Elfand (*Pro Hac Vice*)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10025-1095
Tel: (212) 819-8200
Fax: (212) 354-8113
rmilne@whitecase.com
mgallagher@whitecase.com
bgant@whitecase.com
relfand@whitecase.com

H. Robert Fiebach (PA 02812)
Peter M. Ryan (PA 81816)
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: (215) 665-4166
Fax: (215) 665-2013
rfiebach@cozen.com
pryan@cozen.com

Elliott E. Dionisio (*Pro Hac Vice*)
White & Case LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Tel: (213) 620-7700
Fax: (213) 452-2329
elliott.dionisio@whitecase.com

Trisha M. Grant (*Pro Hac Vice*)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Tel: +1 202 625 3600
Fax: +1 202 639 9355
trisha.grant@whitecase.com

*Counsel for Pfizer Inc.*

/s David F. Sorensen

David F. Sorensen (#57766)
Andrew C. Curley
Zachary D. Caplan
Karissa J. Sauder
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
dsorensen@bm.net
acurley@bm.net
zcaplan@bm.net
ksauder@bm.net

*Interim Lead and Liaison Counsel for the Proposed Direct Purchaser Class*

Peter R. Kohn
Joseph T. Lukens
FARUQI & FARUQI LLP
101 Greenwood Ave, Suite 600
Jenkintown, PA 19046
Tel: (215) 277-5770
pkohn@faruqilaw.com
jlukens@faruqilaw.com

Bradley J. Demuth
FARUQI & FARUQI LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Tel: (212) 983-9330
bdemuth@faruqilaw.com

Archana Tamoshunas
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
Tel: (646) 873-7654
atamoshunas@tcllaw.com

*Additional Counsel for the Proposed Direct Purchaser Class*

/s Alexandra S. Bernay

Patrick J. Coughlin
David W. Mitchell
Brian O'Mara
Alexandra S. Bernay
Carmen A. Medici
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423
patc@rgrdlaw.com
davidm@rgrdlaw.com
bomara@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Randi D. Bandman
ROBBINS GELLER RUDMAN
& DOWD LLP
30 Vesey Street, Suite 200
New York, NY 10007
Tel: (212) 693-1058
randib@rgrdlaw.com

*Interim Lead Counsel for the Proposed Indirect Purchaser Class*

Jayne A. Goldstein (#48048)
Natalie Finkelman Bennett (#57197)
James C. Shah (#80337)
SHEPHERD, FINKELMAN, MILLER &
SHAH, LLP
35 East State Street
Media, PA 19063
Tel: (610) 891-9880
Fax: (866) 300-7367
jgoldstein@sfmslaw.com
nfinkelman@sfmslaw.com
jshah@sfmslaw.com

*Interim Liaison Counsel for the Proposed Indirect Purchaser Class*

7

/s Barry L. Refsin

Barry L. Refsin
Maureen S. Lawrence
HANGLEY ARONCHICK SEGAL PUDLIN
& SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
Tel: (215) 568-6200
brefsin@hangley.com
mlawrence@hangley.com

Richard Alan Arnold
Scott E. Perwin
Lauren C. Ravkind
Anna T. Neill
KENNY NACHWALTER P.A.
1441 Brickell Avenue
Four Seasons Tower, Suite 1100
Miami, FL 33131
Tel: (305) 373-1000
raa@knpa.com
sperwin@knpa.com
lravkind@knpa.com
aneill@knpa.com

*Counsel to Walgreen Co. and The Kroger Co*

BY THE COURT:

October 4, 2018

J. Curtis Joyner, J.