UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE REMICADE ANTITRUST LITIGATION | : : : | CIVIL ACTION |
| This document relates to: | : : | |
| Indirect Purchaser Class Actions Direct Purchaser Class Actions | : : : : | No. 17-cv-04326 (consolidated) No. 18-cv-00303(consolidated) |

| | | |
|---|---|---|
| PFIZER INC., | : : | CIVIL ACTION |
| Plaintiff, | : : | No. 17-cv-04180    FILED |
| v. | : : | NOV 1 4 2018 |
| JOHNSON & JOHNSON and JANSSEN BIOTECH, INC., | : : : | KATE BARKMAN, Clerk By_____ Dep. Clerk |
| Defendants. | : : | |

| | | |
|---|---|---|
| WALGREEN CO. and THE KROGER CO., | : : | CIVIL ACTION |
| Plaintiffs, | : : : | No. 18-cv-02357 |
| v. | : : | |
| JOHNSON & JOHNSON and JANSSEN BIOTECH, INC., | : : : : | |
| Defendants. | : : | |

## STIPULATION AND ORDER REGARDING CONFIDENTIAL MATERIAL

WHEREAS during the course of the above-captioned cases (collectively, "Litigation"),

plaintiff Pfizer, Inc. ("Pfizer"), direct purchaser class plaintiffs, indirect purchaser class plaintiffs

and retailer plaintiffs Walgreen Co. and the Kroger Co. (collectively, "Plaintiffs"), and

defendants, Johnson & Johnson and Janssen Biotech, Inc. (together, "Defendants"), (Plaintiffs

and Defendants collectively, the "Parties," and each plaintiff or defendant, a "Party"), and certain nonparties may be subject to discovery requests, subpoenas, and/or proceedings which seek disclosure of information that constitutes or contains trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure;

WHEREAS the parties wish to preserve the confidentiality of such information through the use of a protective order (this "Confidentiality Order" or "Order"); and

WHEREAS the Parties have a legitimate interest in maintaining the confidentiality of confidential and/or proprietary information that may be produced in this Litigation, and would otherwise suffer immediate and serious injury if the confidentiality of such information were not maintained;

IT IS HEREBY STIPULATE AND AGREED, by and through their undersigned counsel and subject to approval by the Court, that this Order and the procedures set forth herein shall govern the designation and protection of Confidential and Highly Confidential material. This Order is an enforceable agreement between the Parties, their agents and attorneys, and all persons who have signed a version of the Undertaking attached hereto as Exhibit A.

## I. SCOPE OF CONFIDENTIALITY ORDER

1. This Order shall apply to and govern all material that a Disclosing Party designates as Confidential or Highly Confidential during discovery in the Litigation. This includes deposition testimony, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, subpoenas and all other discovery in any form. This also includes testimony or other communications that might reveal Confidential or Highly Confidential discovery material. However, this Order shall not be

construed to cause any counsel to produce, return, and/or destroy their own attorney work product, the work product of their co-counsel, or the work product of any experts, consultants, or other advisors employed or retained by the Parties or their respective counsel created in anticipation of or in connection with the Litigation.

## II.    DEFINITIONS

2.    The term "Disclosing Party" shall mean any Party or nonparty to this Litigation, including its counsel, retained experts, directors, officers, employees, and/or agents, who designates any discovery material produced in this Litigation pursuant to this Confidentiality Order.

3.    The term "Receiving Party" shall mean any Party, including its counsel, retained experts, directors, officers, employees, or agents, who receives any discovery material in this Litigation.

4.    The term "Protected Material" shall mean any discovery material that has been designated as either Confidential or Highly Confidential pursuant to this Confidentiality Order.

5.    When used in this Order, the word "document" encompasses, but is not limited to, any type of document or testimony, including all documents or things described in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.

6.    As used in this Order, "discovery material" refers to all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or non-party during discovery in this Litigation.

### III.   CONFIDENTIALITY DESIGNATIONS (TWO-TIER)

7.     A Disclosing Party may designate as "Confidential" any material that is not known to the general public and the disclosure of which the Disclosing Party reasonably believes may cause harm to the Disclosing Party, their employees or non-parties, including, but not limited to, the following:

(a)   **Information Protected By Law**: any information that a Disclosing Party is obligated by law to keep confidential, including but not limited to, identifying personal information and personal financial information about any Party, any employee of any Party, or any non-party (including, but not limited to, name, Social Security numbers, home or business telephone numbers and addresses, and, medical information documents or data that constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a, other sensitive personally identifiable information, or other information for which federal or state law requires confidential treatment.

(b)   **Trade Secret/Proprietary/Commercially Sensitive Information**: material that the Disclosing Party reasonably believes constitutes, reflects, or discloses trade secrets, proprietary data or commercially sensitive information. This information includes but is not limited to material related to business plans or records of internal deliberations or decision-making; research and development; marketing materials; business operations, training, employee benefits and risk management procedures; surveys concerning patients, competitors and employees; financial

4

information or data; technical information; manufacturing processes; product specifications; engineering information and testing, distribution processes; sensitive health or medical information; or other proprietary or confidential business information of commercial value and reasonably believed to be subject to protection from disclosure under applicable statutes, laws, or regulations.

(c)   **Reproduced Discovery Material**: material that is produced in the Litigation pursuant to an agreement or order requiring reproduction of discovery material from other litigations or proceedings where such material was marked or designated Confidential or Highly Confidential (or a similar designation) in the litigation or proceeding in which such material was originally produced.

8.      A Disclosing Party may designate as "Highly Confidential" any discovery material that would qualify as Confidential for which the Disclosing Party reasonably believes disclosure to its competitors would cause the Disclosing Party serious competitive or commercial harm, and that the Disclosing Party reasonably believes would not be sufficiently protected by a "Confidential" designation.

9.      Nothing in paragraphs 7 or 8, or any other provision of this Order, shall constitute a waiver by the Parties, of any privilege, doctrine or other objection to production of any Information Protected by Law, Trade Secret/Propriety Information/Commercially Sensitive Information, Reproduced Discovery Material or any other information.

**IV.      DISCLOSURE AND USE OF DISCOVERY MATERIAL**

10.     Any Party or non-party receiving any non-public discovery material from a

Disclosing Party, regardless of whether such material is designated as Confidential, Highly Confidential, or otherwise not designated, shall use that material solely for the purpose of preparing for, and conducting, the prosecution or defense of the Litigation, including any appeals thereof, or, in the case of non-parties, participating in the Litigation, and not for any other purpose whatsoever.

11.     Production of a document by a non-party without a confidentiality designation or with a lower-tier confidentiality designation will not serve as a waiver of any Confidential or Highly Confidential designation by a Party that also produced the same or similar document. On notification from a Party, the other Parties will treat that document in accordance with its original Party designation of Confidential or Highly Confidential. Nothing in this paragraph shall be deemed to relieve any non-party from complying with its obligations under any agreement or court order that is otherwise applicable to that non-party.

12.     Protected Material shall be subject to the following restrictions:

(a)     Except as provided by the express terms of this Order, or as required by law, all persons subject to this Order shall refrain from disclosing in any manner any non-public information set forth in any Protected Material.

(b)     Except as required by law, Protected Material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of the Litigation, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive, or other purpose. Absent consent from a Disclosing Party, which shall be given solely in that Disclosing Party's discretion, no Protected Material produced by such Disclosing Party may be used in connection with any

other litigation, matter, or proceeding.

(c) Except as required by law, Protected Material shall not be given, shown, made available, or communicated in any way to anyone except those persons specified in paragraphs 13 and 14 below to whom it is reasonably necessary that such Protected Material be given or shown for the purposes permitted under subparagraph (b) above, and shall not be disclosed by them.

13. In the absence of written permission from the Disclosing Party or an order of the Court, Confidential material may only be disclosed, or communicated in any way, to the following persons:

(a) officers or employees of a Receiving Party who are necessary to aid counsel in the prosecution or defense of this Litigation.

(b) the attorneys at the outside law firms of record in this Litigation, including such attorneys' support staff such as paralegals, technology specialists, investigators, and secretaries.

(c) up to four in-house attorneys for each named Party, as well as each such in-house attorney's paralegals and clerical employees working under the direct supervision of such attorneys, only to the extent necessary for this Litigation. Each of the four designated in-house attorneys shall be identified in writing to the other Parties 14 days before they are provided with any Protected Material. The Parties may amend their list of four in-house attorneys by providing written notice to the other Parties 14 days before any such amendment is to go into effect. Other than an in-house

7

attorney in a "general counsel" leadership role who replaces one of the designated in-house attorneys who is no longer employed by the Party or changes positions, no in-house attorneys whose primary responsibilities involve non-litigation matters may be designated without the prior written consent of all Parties, which shall not be unreasonably withheld.

(d)     Any expert or consultant (including all non-party personnel and support staff assisting such expert of consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) who is specially retained by or for the benefit of any Party to assist in the Litigation, provided that:

   (i)     each such expert or consultant requires access to the Protected Material in order to perform the services for which they have been retained;

   (ii)    each such expert or consultant reads and executes the written Undertaking annexed hereto as Exhibit A;

   (iii)   any part of a report created by any such expert or consultant relying on or incorporating Protected Material in whole or in part shall be designated as Confidential or Highly Confidential; and

   (iv)    any expert or consultant may not use Protected Material to their competitive advantage or for any purpose that does not relate to the Litigation.

Additionally, no expert or consultant who assists or consults (or has assisted or consulted in the last two years) with a member of one side of

8

the Litigation (with all Plaintiffs collectively being one side and Defendants being the other side) concerning the research, development, marketing, and/or regulatory approval of biologic and/or biosimilar products ("Biologic Expert") shall be permitted access to any Protected Material on behalf of the other side unless and until the following additional conditions are met:

a) notice providing the proposed Biologic Expert's identity and including his or her current resume or curriculum vitae is provided to all other Parties (the "Notice") (the Party serving the Notice, the "Noticing Party"); and

b) no Party has objected to the proposed Biologic Expert within five (5) business days of the Notice.

If a Party raises a timely objection to the proposed Biologic Expert in writing with an explanation of the basis for the objection (the "Objecting Party"), Protected Material may not be disclosed to such proposed Biologic Expert until the objection is resolved either by the Noticing and Objecting Parties or by the Court. Upon receipt of a timely objection, the Noticing and Objecting Parties shall have seven (7) business days to use good faith efforts to reach resolution of the objection. If a resolution of any timely objection cannot be reached, then the Objecting Party must apply for relief from the Court within five (5) business days of expiration of the preceding seven (7) day meet and confer period and shall have the

9

burden to show good cause why disclosure of Protected Material to the proposed Biologic Expert should not be made. Failure to timely move for relief within the five (5) business days provided under this order – a deadline which the Noticing and Objecting Parties may mutually agree to extend – results in forfeiture of such objection. To accommodate case scheduling, the Noticing Party may request a shortening of the five (5) business day time period for objection(s) specified in this sub-paragraph, which request shall not be unreasonably denied.

The foregoing additional conditions do not apply to any non-testifying Biologic Expert who has not, in the two (2) year period immediately preceding the proposed disclosure of Protected Information, assisted or consulted with a pharmaceutical company concerning the research, development, marketing, and/or regulatory approval of biologic and/or biosimilar products.

Additionally, notwithstanding the foregoing, for a period of twelve (12) months following the conclusion of the last scheduled trial in the cases in which the individual was retained, no Party shall retain or hire any Biologic Expert who serves as a testifying or non-testifying expert in the Litigation for the purpose of researching, developing, marketing, and/or obtaining regulatory approval of a biologic and/or biosimilar product. If a case needs to be re-tried after an appeal, the parties will meet and confer in good faith regarding the retention of any Biologic Experts.

(e)     Any current director, officer, or employee of the Disclosing Party, and any former director, officer, or employee who, at the time the Protected Material was created, worked for the Disclosing Party;

(f)     Any person who authored or received the Protected Material.  To the extent a Party has produced only the full thread of an email chain, and a person has authored or received only a portion of the thread, the entire thread may be shared with that person at his or her deposition, or any hearing, trial, or other proceeding in the Litigation (subject to any procedures adopted pursuant to paragraph 28 below) to the extent that person is a director, officer, or employee (or a former director, officer, or employee) of the Disclosing Party and the remainder of the thread was authored or received by at least one director, officer, or employee (or former director, officer, or employee) of the Disclosing Party;[1]

(g)     Any fact witness or potential fact witness who is not a current or former director, officer, or employee of the Disclosing Party, and attorneys for such witness, to the extent reasonably believed by counsel to be necessary in connection with their testimony or potential testimony in the Litigation or the preparation for such testimony; provided, however, that any such individual (i) shall not retain any Protected Material; and (ii) shall be informed, prior to being shown Protected Material that he/she is being shown such materials solely for use in the Litigation, and either signs the

---

[1] The Parties acknowledge and agree that in the event a Party uses email thread suppression, this provision may be amended by agreement of the Parties or Court order to ensure that the person(s) who authored or received any Protected Material included in an email thread subject to suppression may be shown the individual communication(s) such person(s) authored or received.

11

Undertaking attached hereto as Exhibit A or consents on the record to abide by the provisions of this Order.

(h)     Any other person designated by agreement of the Parties and the Disclosing Party, or by order of the Court, provided that each such person signs the Undertaking annexed hereto as Exhibit A.

(i)     Court reporters, their staff, and professional litigation support services vendors such as copying, graphics, electronic discovery, and/or trial preparation services to whom disclosure is reasonably necessary for this Litigation.

(j)     The Court and its personnel.

(k)     Arbitrators, mediators, or discovery masters (and their support staff) assisting in the Litigation, provided that each such person signs the Undertaking attached hereto as Exhibit A.

The Parties agree that nothing in this paragraph precludes a Disclosing Party from objecting to or moving to preclude disclosure to any deponent or witness in subparagraphs (e) or (g) of this paragraph.

12

14.     Highly Confidential material may only be disclosed, or communicated in any way, to the persons set forth in paragraphs 13 (b), (c), (d), (e), (f), (h), (i), (j), and (k) above, subject to any limitations therein.

15.     This Court shall retain jurisdiction over this Order, including any proceedings after termination of this Litigation relating to performance under or compliance with the Order. Individuals or entities who receive material designated Confidential or Highly Confidential shall be subject to this Order and to the jurisdiction of this Court concerning this Order.

16.     The recipient of any material designated Confidential or Highly Confidential that is provided under this Order (i) shall maintain such material in a secure and safe area (ii) shall not permit or enable unauthorized dissemination of Protected Material to anyone; (iii) shall take all necessary and prudent measures to preserve the security of Protected Material, including measures to minimize risks of unauthorized hacking of systems on which Protected Material is stored or through which it is transmitted; and (iv) shall physically store, maintain, and transmit Protected Material solely within the United States.  For purposes of this Order, a website, or other internet-based document depository with commercially reasonable security for the protection of financial or proprietary information shall be deemed a secure location.  Protected Material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summaries, extraction or abstraction is reasonably necessary for the conduct of the Litigation.  All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

17.     Disclosing parties shall designate Protected Material as follows:

(a)     In the case of documents produced, interrogatory responses, responses to

13

requests to admit, and the information contained therein, designation shall be made by marking or stamping each page as "CONFIDENTIAL—REMICADE ANTITRUST LITIG." or "HIGHLY CONFIDENTIAL—REMICADE ANTITRUST LITIG." as appropriate, prior to its production or disclosure to the Receiving Party. Electronically-stored information ("ESI") designated as confidential shall be marked or stamped as "CONFIDENTIAL—REMICADE ANTITRUST LITIG." or "HIGHLY CONFIDENTIAL—REMICADE ANTITRUST LITIG." or using means sufficient to ensure that every page of such document, without obscuring any portion of the underlying document when printed, contains the appropriate mark or stamp to the extent practicable. Notwithstanding the foregoing, Excel documents or any other type of electronically-stored information produced in native format (together, "Natively-Produced ESI") need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. Instead, the Disclosing Party shall use reasonable means to designate as Confidential or Highly Confidential such Natively-Produced ESI including, where applicable and/or practicable, by (a) producing a TIFF placeholder image corresponding to the Natively-Produced ESI that includes the "CONFIDENTIAL—REMICADE ANTITRUST LITIG." or "HIGHLY CONFIDENTIAL—REMICADE ANTITRUST LITIG." mark; (b) including "CONFIDENTIAL—REMICADE ANTITRUST LITIG." or "HIGHLY CONFIDENTIAL—REMICADE ANTITRUST LITIG." in the

14

file name of the Natively-Produced ESI; or (c) including "CONFIDENTIAL—REMICADE ANTITRUST LITIG." or "HIGHLY CONFIDENTIAL—REMICADE ANTITRUST LITIG." on the label of the media or in the transmittal email containing the Natively-Produced ESI. Further, any Party subsequently creating an image or hardcopy of Natively-Produced ESI shall use reasonable means, to the extent practicable, to apply the applicable stamping set out above to every page of that image or hardcopy.

(b)     Any Protected Material produced in a non-paper media (*e.g.*, videotape, audiotape or computer disc) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL—REMICADE ANTITRUST LITIG." or "HIGHLY CONFIDENTIAL—REMICADE ANTITRUST LITIG." In the event a Receiving Party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such Party must treat each copy, transcription, or printout as Confidential or Highly Confidential pursuant to the terms of this Order in accordance with the designation of the produced copy.

(c)     In the event that a Disclosing Party mistakenly or inadvertently fails to stamp or otherwise mark material as "CONFIDENTIAL—REMICADE ANTITRUST LITIG." or "HIGHLY CONFIDENTIAL—REMICADE ANTITRUST LITIG." at the time of its production, that Disclosing Party may stamp or otherwise mark the material as "CONFIDENTIAL—

REMICADE ANTITRUST LITIG." or "HIGHLY CONFIDENTIAL—
REMICADE ANTITRUST LITIG." at any reasonable time thereafter.
Material not marked prior to its disclosure to a Receiving Party may be
subsequently marked as "CONFIDENTIAL—REMICADE ANTITRUST
LITIG." or "HIGHLY CONFIDENTIAL—REMICADE ANTITRUST
LITIG." by a written communication or, if on the record at a deposition,
court hearing, or trial, orally.  If the designation of material as Confidential
or Highly Confidential is made orally, the Party making the designation
shall memorialize the designation in writing within twenty (20) business
days.  Upon making such subsequent designation, the Disclosing Party
shall promptly provide a replacement copy of the material with the
appropriate mark or stamp.  To the extent such material may have been
disclosed by the Receiving Party to anyone not authorized to receive
material designated Confidential or Highly Confidential, the Receiving
Party shall make reasonable efforts to retrieve the material promptly and to
avoid any further such disclosure.  Delay in designating material as
Confidential or Highly Confidential shall not, in and of itself, be deemed
to have effected a waiver of any of the protections of this Order.  Any
documents designated as Protected Material prior to entry of this Order
shall be treated the same in all respects as documents designated Protected
Material subsequent to the entry of this Order.  If the discovery materials
that was inadvertently produced without the correct designation is, by the
time of the later designation, filed with a court on the public record, the

Disclosing Party shall move for appropriate relief. Nothing in this paragraph prevents a Receiving Party from challenging any late designation.

(d) Material designated Confidential or Highly Confidential may be used in depositions consistent with paragraphs 13 and 14. Designation of the portion or entirety of the deposition transcript (including exhibits) that contains Protected Material may be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by the Disclosing Party or counsel for the Disclosing Party whose Protected Material was used at the deposition, which material shall be so designated within thirty (30) days after the final transcript of the deposition is made available. In the event that (i) Protected Material produced by a non-party is used as an exhibit in a deposition and (ii) counsel for the non-party is not present at the deposition, the Parties agree that the exhibit and any testimony concerning the exhibit shall be designated as Protected Material accordingly. Prior to the deposition transcript becoming available and during the thirty (30) days after the transcript of any deposition becomes available, the entire substance of the deposition and the deposition transcript shall be treated as Confidential or Highly Confidential. A party thereafter seeking to assert inadvertent failure to designate a deposition transcript shall do so on motion to the Court and shall have the burden of showing grounds for relief. The cover of each deposition transcript that contains Confidential or Highly Confidential

17

information shall bear the following legend: "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER."

(e)     For reports created by an expert or consultant relying on or incorporating Confidential or Highly Confidential discovery material in whole or in part the Party responsible for its creation shall include the confidentiality designation ("CONFIDENTIAL—REMICADE ANTITRUST LITIG." or "HIGHLY CONFIDENTIAL—REMICADE ANTITRUST LITIG.") on the report.

18.     A Party may designate as Protected Material produced by the Disclosing Party or a producing non-party without a designation of Confidential or Highly confidential provided that such document or information contains the designating Party's own Protected Material. Such designations shall be accomplished by providing written notice to all Parties identifying (by Bates number, transcript line and page number, or other individually identifiable information) the document, testimony, or other material being designated. Promptly after providing such notice, the designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the new designation. The Receiving Party will replace the originally designated material with the newly designated material and will destroy the originally designated material.

## V.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

19.     Nothing in this Order shall be taken as indicating that any material is in fact Confidential or Highly Confidential or entitled to Confidential or Highly Confidential treatment. No Party shall be obligated to challenge the propriety of a Confidential or Highly Confidential

designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, nor shall a Party that has designated materials as Confidential or Highly Confidential contend that any delay by another Party in objecting to the designating Party's Confidential or Highly Confidential designation in any way (a) lends support to the designating Party's Confidential or Highly Confidential designation or (b) invalidates or diminishes in any way the objecting Party's challenge of the Confidential or Highly Confidential designation for any such materials.   In the event that any Party disagrees at any stage of these proceedings with such designation, counsel for such Party shall notify counsel for the Disclosing Party in writing (the "Notice").  The objecting Party shall identify each particular document or other material bearing a designation to which it objects and shall specify the reason(s) for the objection.  Within twenty (20) business days of the receipt of the Notice, counsel for the Parties (and any non-party involved) shall meet-and-confer to attempt to resolve the dispute.   If the dispute cannot be promptly resolved, the objecting Party may seek relief from the Court.  In the event of a dispute, the designating Party shall have the burden of establishing that the material in question is Confidential or Highly Confidential.  The material in question shall retain its Confidential or Highly Confidential status until the Court rules on any such motion.

## VI.    FILING PROTECTED MATERIAL WITH THE COURT

20.    Without written permission from the Disclosing Party or a court order secured after appropriate notice to all interested persons, no Party or other recipient of Confidential or Highly Confidential information pursuant to this Order may file in the public record any Protected Material designated as Confidential and/or Highly Confidential pursuant to this Order.

21.    To the extent a Party wishes or is required to file Confidential or Highly Confidential Protected Material with the Court (a "Filing Party"), the Filing Party shall file a paper copy of the document with the Clerk in a sealed envelope, clearly marked:

19

THIS ENVELOPE CONTAINS DOCUMENTS WITH INFORMATION THAT HAS BEEN DESIGNATED AS CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL THAT ARE THEREFORE COVERED BY A CONFIDENTIALITY ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT ORDER. THE CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT.

The Filing Party shall also: (i) simultaneously serve counsel of record in the Litigation via email with an unredacted copy of the document; and (ii) within one business day of service upon counsel of record, provide courtesy copies of the unredacted document(s) to the Court.

22.    Redacted versions of documents containing Protected Material designated as Confidential and/or Highly Confidential submitted to the Court under seal pursuant to the procedure outlined in the preceding paragraph shall be filed on the public docket via ECF within seven (7) calendar days of the underseal filing. Such redacted public filings must:

        (a)    be clearly marked "Redacted - Public Version"; and

        (b)    clearly identify each place where information or an exhibit has been deleted or withheld on the basis that it consists of, contains, references, or summarizes Protected Material that has been designated as Confidential and/or Highly Confidential.

23.    A Party's failure to contest a Disclosing Party's Confidential and/or Highly Confidential designation(s) shall not be deemed an admission that such Protected Material is Confidential or Highly Confidential or that it should be filed under seal. To the extent there is any dispute or challenge concerning the appropriateness of any designations (including the necessity of filing under seal or redactions), the burden of establishing the propriety of such designation and need for under seal filing and/or redaction rests, at all times, with the Disclosing Party.

## VII.    OTHER DISCLOSURE SCENARIOS

24.    If a person or Party shows Protected Material to any person other than in the

20

manner authorized by this Order, or if a person or party learns of actual or attempted unauthorized disclosure of Protected Material, they must promptly in writing, via overnight delivery or email, and in no event later than three (3) business days from the discovery of such disclosure bring all pertinent facts relating thereto to the attention of counsel for the Disclosing Party and, without prejudice to any other rights and remedies of the Parties or non-parties, make reasonable efforts to retrieve the material promptly and to prevent further dissemination by it or by the person who was the recipient of such material.

25. If a Party has cause to believe that a violation of this Order has occurred or is about to occur, then that Party may petition this or any other proper court for appropriate relief. To the extent a Party feels the protections of the Order are not adequate for particular Protected Material, that Party may petition the Court for an appropriate amendment to this Order.

26. In the event any Receiving Party having possession, custody or control of any material designated as Confidential or Highly Confidential receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any Protected Material (a "Third-Party Request"), the Receiving Party shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental authority:

> (a) Promptly, and in any event within ten (10) business days of receipt of the Third-Party Request, give written notice to counsel for the Disclosing Party.
>
> (b) Furnish counsel for the Disclosing Party with a copy of the subpoena, request for production of documents, or other process or order.
>
> (c) Cooperate reasonably with respect to all reasonable and legitimate

21

procedures sought to be pursued by the Disclosing Party.

(d)     The Disclosing Party asserting the Confidential or Highly Confidential treatment shall have the burden of defending against such subpoena, process or order. The Party receiving the subpoena, request for production of documents, or other process or order shall be entitled to comply with it except to the extent that the Disclosing Party is successful in obtaining an order modifying or quashing the subpoena, request for production of documents, or other process or order, provided, however, that the Party receiving the subpoena, request for production of documents, or other process shall not make the requested production before the deadline set out in the Third Party Request and shall await the disposition of any motion to quash or motion for a protective order timely filed by the Disclosing Party before producing any material designated as Confidential or Highly Confidential in response to the subpoena, request for production of documents, or other process or order to the extent that doing so does not expose such Receiving Party to sanctions, an order of contempt or the like; provided, however, that nothing in this Order shall require any Party to disregard or violate any order or direction of any governmental authority.

27.     If material designated Confidential or Highly Confidential is used inadvertently during depositions or any Court proceeding in contravention of other provisions of this Order, it shall not lose its designated status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during and after such use.

28.     Prior to the use of Protected Material in any Court proceeding, the Parties shall

meet and confer regarding the procedures for use of Protected Material, after which any Party may move the Court for entry of any appropriate order.

29.     If additional parties are added to this Litigation, their ability to receive a document protected by this Order will be subject to their being bound, by agreement or court order, to this Order.

## VIII.   CONCLUSION OF THE LITIGATION

30.     At the conclusion of this Litigation, including any appeals, all Protected Material and copies thereof in the possession, custody or control of the Parties shall be either returned to the Disclosing Party or destroyed. The return or destruction of Protected Material under this paragraph shall include, without limitations, all copies, and duplicates thereof. The Parties shall certify, within 60 days of a request for certification, that all Protected Material required to be destroyed has been returned or destroyed. Any other individuals who have been provided Protected Material pursuant to paragraphs 13(d)-(k) or 14 of this Order will likewise return to the Disclosing Party or destroy any Protected Material in their possession, and on the request of the Disclosing Party will provide an affidavit affirming that all such material has been returned or destroyed.     Pleadings, transcripts, exhibits, notes, memoranda, correspondence, reports, summaries, and other work product, either electronic or in hard copy form, in the possession, custody, or control of the Parties referring to, describing, relating to, or attaching to an email, Protected Material, may be retained by counsel even if such material constitutes or contains Protected Material, except copies of Protected Material contained on any litigation-support review application shall not be considered work product under this paragraph and may not be retained. Such material retained by counsel shall continue to be subject to the terms and conditions of this Order. In addition, Protected Material that is not reasonably accessible under

23

Federal Rule of Civil Procedure 26(b)(2)(B) because it is stored by the Receiving Party on backup storage material is deemed to be sequestered and need not be destroyed unless retrieved. Should such data be retrieved, the Receiving Party must promptly take steps to delete the restored Protected Material.

31.     Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of the Litigation.

## IX.     OTHER

32.     This Order is without prejudice to the right of any Party or non-party to seek any other or different confidentiality arrangement or relief from the Court, on notice to all identifiable potentially affected disclosing Parties.

33.     This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing the material called for (whether designated as Confidential or Highly Confidential or not) and access to all material shall be only as provided by the discovery rules and other applicable law.

34.     Neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any such action or omission, shall constitute a waiver of any substantive claim or defense in the trial of, or other proceedings in, the Litigation.

35.     The Parties may jointly seek to amend or modify the Order, subject to Court approval. Any request for amendment or modification that would permit greater disclosure of Protected Material than permitted hereunder shall be with reasonable notice to, and an opportunity to be heard by, any non-party that has produced Protected Material to the extent such request for amendment or modification will apply to Protected Material produced by non-parties.

36.     Notwithstanding any provision contained herein, nothing in this Order shall

24

restrict in any way the right of a Party to make use of its own discovery material in any way.

37.     Nothing in this Order shall bar or otherwise restrict counsel of record in this Litigation from rendering advice to his or her client with respect to this Litigation, and in the course thereof, relying upon an examination of Protected Material. However, in rendering such advice and in otherwise communicating with the Party/client, counsel shall not disclose any Protected Material, nor the source of any Protected Material, to anyone not authorized to receive such Protected Material pursuant to the terms of this Order.

38.     Nothing in this Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any grounds to the admission in evidence of any fact or information.

So stipulated and agreed to by the parties.

Dated: November 8, 2018                            Respectfully submitted,

/s/ Adeel A. Mangi
Leslie E. John (PA Id. No. 62290)
Matthew I. Vahey (PA Id. No. 315920)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
john@ballardspahr.com
vaheym@ballardspahr.com

William F. Cavanaugh (*pro hac vice*)
Adeel A. Mangi (*pro hac vice*)
Jonathan H. Hatch (*pro hac vice*)
Jamison Davies (*pro hac vice*)
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Tel: (212) 336-2000
wfcavanaugh@pbwt.com

/s/ Ross E. Elfand
Robert A. Milne (*Pro Hac Vice*)
Michael J. Gallagher (*Pro Hac Vice*)
Bryan D. Gant (*Pro Hac Vice*)
Ross E. Elfand (*Pro Hac Vice* pending)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10025-1095
Tel: (212) 819-8200
Fax: (212) 354-8113
rmilne@whitecase.com
mgallagher@whitecase.com
bgant@whitecase.com
relfand@whitecase.com

Elliott E. Dionisio (*Pro Hac Vice*)
White & Case LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Tel: (213) 620-7700

25

aamangi@pbwt.com
jhatch@pbwt.com
jmdavies@pbwt.com

Thomas O. Barnett (*pro hac vice*)
Ashley E. Bass (*pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: (202) 662-6000
tbarnett@cov.com
abass@cov.com

*Counsel for Johnson & Johnson and Janssen Biotech, Inc.*

Fax:  (213) 452-2329
elliott.dionisio@whitecase.com

Trisha M. Grant (Pro Hac Vice)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005-3807
Tel:  (202) 625 3600
Fax:  (202) 639 9355
trisha.grant@whitecase.com

H. Robert Fiebach (PA 02812)
Peter M. Ryan (PA 81816)
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel:  +1 215 665 4166
Fax:  +1 215 665 2013
rfiebach@cozen.com
pryan@cozen.com

*Counsel for Pfizer Inc.*

/s/ Alexandra S. Bernay
Patrick J. Coughlin
David W. Mitchell
Brian O. O'Mara
Alexandra S. Bernay
Carmen A. Medici
ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
patc@rgrdlaw.com
davidm@rgrdlaw.com
bomara@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Randi D. Bandman
ROBBINS GELLER RUDMAN
   & DOWD LLP
30 Vesey Street, Suite 200
New York, NY 10007
Telephone: 212/693-1058
212/693-7423 (fax)
randib@rgrdlaw.com

*Interim Lead Counsel for the Proposed
Indirect Purchaser Class*

Jayne A. Goldstein
Natalie Finkelman Bennett
James C. Shah
SHEPHERD, FINKELMAN, MILLER
   & SHAH, LLP
35 East State Street
Media, PA 19063
Telephone: 610/891-9880
866-300-7367 (fax)
jgoldstein@sfmslaw.com
nfinkelman@sfmslaw.com
jshah@sfmslaw.com

*Interim Liaison Counsel for the Proposed
Indirect Purchaser Class*
/s/ Barry L. Refsin
Barry L. Refsin
Maureen S. Lawrence
HANGLEY ARONCHICK SEGAL
   PUDLIN & SCHILLER

/s/ Andrew C. Curley
David F. Sorensen (#57766)
Andrew C. Curley
Zachary D. Caplan
Karissa J. Sauder
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215/875-3000
215/875-4604 (fax)
dsorensen@bm.net
acurley@bm.net
zcaplan@bm.net
ksauder@bm.net

Daniel J. Walker
BERGER MONTAGUE PC
2001 Pennsylvania Avenue, N.W., Suite 300
Washington, DC 20006
Telephone: 202/559-9745
dwalker@bm.net

*Interim Lead and Liaison Counsel for the
Proposed Direct Purchaser Class*

Peter R. Kohn
Joseph T. Lukens
Neill Clark
FARUQI & FARUQI LLP
One Penn Center, Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
Telephone: 267/628-5011
pkohn@faruqilaw.com
jlukens@faruqilaw.com
nclark@faruqilaw.com

Bradley J. Demuth
FARUQI & FARUQI LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Tel: (212) 983-9330
bdemuth@faruqilaw.com

Barry Taus
Archana Tamoshunas
Miles Greaves
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204

SO ORDERED:

J. Curtis Joyner, J.

.

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE REMICADE ANTITRUST LITIGATION | : | CIVIL ACTION |
| | : | |
| This document relates to: | : | |
| | : | |
| Indirect Purchaser Class Actions | : | No. 17-cv-04326 (consolidated) |
| Direct Purchaser Class Actions | : | No. 18-cv-00303(consolidated) |
| | : | |

| | | |
|---|---|---|
| PFIZER INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. 17-cv-04180 |
| | : | |
| v. | : | |
| | : | |
| JOHNSON & JOHNSON and JANSSEN BIOTECH, INC., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| WALGREEN CO. and THE KROGER CO., | : | CIVIL ACTION |
| | : | |
| | : | No. 18-cv-02357 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNSON & JOHNSON and JANSSEN BIOTECH, INC., | : | |
| | : | |
| Defendants. | : | |

## UNDERTAKING

1.    I,_____, declare that:

2.    I have received a copy of the Stipulated Confidentiality Order (the "Order")

29

entered by the Court in the above-captioned action (the "Litigation"). I have read the Order and understand its provisions, and agree that my execution of this undertaking, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated Confidential or Highly Confidential pursuant to the Order.

3.      I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not use for purposes other than for this Litigation any information designated Confidential or Highly Confidential that I receive in this Litigation, except as otherwise permitted under the Order, and I will continue to do so after this Litigation concludes. I will return or destroy all copies of any document or thing containing Confidential or Highly Confidential material to counsel who provided them to me upon completion of the purposes for which they were provided, and in any event no later than the conclusion of this Litigation. At the request of the party who originally produced the material, I will sign an affidavit certifying that all such material has been returned or destroyed.

4.      I consent to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, to resolve any issues with respect to my compliance with the Order. I understand that if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure.

Dated:_____          Signature: _____