UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE REMICADE ANTITRUST LITIGATION<br><br>This document relates to:<br><br>Indirect Purchaser Class Actions<br>Direct Purchaser Class Actions | CIVIL ACTION<br><br>No. 17-cv-04326 (consolidated)<br>No. 18-cv-00303 (consolidated) |
| PFIZER INC.,<br><br>      Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON and JANSSEN BIOTECH, INC.,<br><br>      Defendants. | CIVIL ACTION<br><br>No. 17-cv-04180<br><br>**FILED**<br>JUN 04 2019<br>KATE BARKMAN, Clerk<br>By_____ Dep. Clerk |

## SUPPLEMENTAL STIPULATION AND CONFIDENTIALITY ORDER REGARDING NONPARTY-DESIGNATED MATERIALS

WHEREAS during the course of the above-captioned cases (collectively, "Litigation"), plaintiff Pfizer, Inc. ("Pfizer"), direct purchaser class plaintiffs,[1] indirect purchaser class plaintiffs (collectively, "Plaintiffs"), and defendants, Johnson & Johnson and Janssen Biotech, Inc. (together, "Defendants") (Plaintiffs and Defendants collectively, the "Parties," and each plaintiff or defendant, a "Party"), and certain nonparties may be subject to discovery requests, subpoenas, and/or proceedings which seek disclosure of information that constitutes or contains trade secrets or other confidential research, development, or commercial information within the meaning of

---

[1] By order entered on October 26, 2018, this Court denied defendants' motion to compel arbitration of the Direct Purchaser Class Action (No. 18-cv-00303), which decision is now on appeal, fully briefed, before the United States Court of Appeals for the Third Circuit (No. 18-3567). Notwithstanding the pendency of that appeal, the Direct Purchaser Class Action plaintiffs remain bound by this Court's November 14, 2018 Stipulation and Order Regarding Confidential Material and are likewise bound by this Supplemental Confidentiality Order Regarding Nonparty-Designated Materials.

US 164919073v1

ENT'D JUN 05 2019

Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure as well as Protected Health Information ("PHI") as defined by the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act, including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services including those codified as 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B) and (v) (collectively referred to as "HIPAA Privacy and Security Rules"), as well as all applicable state laws and regulations pertaining to the privacy and security of personal information;

WHEREAS on November 14, 2018 this Court entered the Parties' Stipulation and Order Regarding Confidential Material in the Litigation (the "Confidentiality Order"), which, by its terms, provides limited access to Protected Material that is designated as either Confidential or Highly Confidential, and is equally applicable to and provides protection for any nonparty discovery material produced in the Litigation;

WHEREAS certain nonparties have expressed: (i) that they cannot produce certain PHI discovery materials requested by the subpoenas without additional protections; and (ii) that to produce certain requested discovery materials, an order providing for an additional level of "Highly Confidential – Outside Counsel Eyes Only" protection and certain other clarifications is necessary;

IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:

1. Unless otherwise stated herein, the definitions, terms, procedures, and conditions set forth in the Court's November 14, 2018 Confidentiality Order remain in force.

2. This Supplemental Confidentiality Order Regarding Nonparty-Designated Materials (the "Supplemental Confidentiality Order") shall apply to discovery materials produced

in the Litigation by nonparties designated as Highly Confidential and Highly Confidential – Outside Counsel Eyes Only.

3. "Highly Confidential – Outside Counsel Eyes Only" shall mean discovery material that is designated by a nonparty as Highly Confidential – Outside Counsel Eyes Only on the basis that such discovery material qualifies as Highly Confidential under the Confidentiality Order and this Supplemental Confidentiality Order and said nonparty further reasonably believes that disclosure to the Parties' in-house counsel, as would otherwise be permitted under Paragraph 13(c) of the Confidentiality Order, would cause said nonparty serious competitive or commercial harm such that said discovery material would not be sufficiently protected by a Highly Confidential designation.

4. Discovery materials designated as Highly Confidential – Outside Counsel Eyes Only pursuant to this Supplemental Confidentiality Order may only be disclosed, or communicated in any way, to the persons set forth in Paragraphs 13 (b), (d), (e), (f), (h), (i), (j), (k) of the Confidentiality Order. Nonparties may redact discovery material on the following bases: attorney-client privilege, attorney work-product privilege, HIPAA Privacy and Security Rules, the information is related to the marketing and sale of products only outside the U.S., and information is related only to products not responsive to the subpoena. If the Receiving Party finds a document to be incomprehensible because of a redaction, the Parties will meet and confer to try in good faith to resolve the dispute.

5. For purposes of this Supplemental Confidentiality Order, the Confidentiality Order is modified as follows:

    a. The definition of "Scope" and "Protected Material," as set forth in Paragraphs 1 and 4 of the Confidentiality Order, are modified to include

discovery material designated as Highly Confidential – Outside Counsel Eyes Only. Under this Supplemental Confidentiality Order, the same provisions and procedures that apply to both Confidential and Highly Confidential discovery materials in paragraphs 10 through 38 of the Confidentiality Order shall apply equally to any discovery material designated Highly Confidential – Outside Counsel Eyes Only under this Supplemental Protective Order.

b. The definition of "Scope" set forth in Paragraph 1 is modified to include (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. The parties shall provide notice to the Disclosing Party before using a Disclosing Party's Protected Material at trial.

c. "Highly Confidential," as defined by Paragraph 8 of Confidentiality Order, is modified to also include all PHI and other patient information protected by the HIPAA Privacy and Security Rules.

     d. "Information Protected by Law," as defined by Paragraph 7.(a) of the Confidentiality Order, is modified to exclude PHI or other information protected by the HIPAA Privacy and Security Rules, to which Paragraph 8 of the Confidentiality Order, as modified above, applies.

     e. The term "sensitive health or medical information" as used in Paragraph 7.(b) of the Confidentiality Order, shall mean "sensitive non-identifying health or medical information."

     f. Paragraph 9 of the Confidentiality Order is modified to apply equally to any non-party and to information protected by HIPAA Privacy and Security Rules.

     g. Paragraph 16 of the Confidentiality Order is modified to provide that a website or other internet-based depository that meets the requirements of the HIPAA Privacy and Security Rules shall be deemed a secure location for information protected by HIPAA and the HIPAA Privacy and Security Rules.

Dated: May 30, 2019

Respectfully submitted,

/s/ Adeel A. Mangi
Leslie E. John (PA Id. No. 62290)
Matthew I. Vahey (PA Id. No. 315920)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
john@ballardspahr.com
vaheym@ballardspahr.com

/s/ Ross E. Elfand
Robert A. Milne (*Pro Hac Vice*)
Michael J. Gallagher (*Pro Hac Vice*)
Bryan D. Gant (*Pro Hac Vice*)
Ross E. Elfand (*Pro Hac Vice* pending)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10025-1095
Tel: (212) 819-8200
Fax: (212) 354-8113

William F. Cavanaugh (*pro hac vice*)
Adeel A. Mangi (*pro hac vice*)
Jonathan H. Hatch (*pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Tel: (212) 336-2000
wfcavanaugh@pbwt.com
aamangi@pbwt.com
jhatch@pbwt.com

Thomas O. Barnett (*pro hac vice*)
Ashley E. Bass (*pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: (202) 662-6000
tbarnett@cov.com
abass@cov.com

*Counsel for Johnson & Johnson and Janssen Biotech, Inc.*

rmilne@whitecase.com
mgallagher@whitecase.com
bgant@whitecase.com
relfand@whitecase.com

Elliott E. Dionisio (*Pro Hac Vice*)
White & Case LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Tel: (213) 620-7700
Fax: (213) 452-2329
elliott.dionisio@whitecase.com

H. Robert Fiebach (PA 02812)
Peter M. Ryan (PA 81816)
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: +1 215 665 4166
Fax: +1 215 665 2013
rfiebach@cozen.com
pryan@cozen.com

*Counsel for Pfizer Inc.*

/s/ Alexandra S. Bernay
Patrick J. Coughlin
David W. Mitchell
Brian O. O'Mara
Alexandra S. Bernay
Carmen A. Medici
ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
patc@rgrdlaw.com
davidm@rgrdlaw.com
bomara@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Randi D. Bandman
ROBBINS GELLER RUDMAN
   & DOWD LLP
30 Vesey Street, Suite 200
New York, NY 10007
Telephone: 212/693-1058
212/693-7423 (fax)
randib@rgrdlaw.com

*Interim Lead Counsel for the Proposed Indirect Purchaser Class*

Jayne A. Goldstein
Natalie Finkelman Bennett
James C. Shah
SHEPHERD, FINKELMAN, MILLER
   & SHAH, LLP
35 East State Street
Media, PA 19063
Telephone: 610/891-9880
866-300-7367 (fax)
jgoldstein@sfmslaw.com
nfinkelman@sfmslaw.com
jshah@sfmslaw.com

*Interim Liaison Counsel for the Proposed Indirect Purchaser Class*

/s/ Andrew C. Curley
David F. Sorensen (#57766)
Andrew C. Curley
Zachary D. Caplan
Karissa J. Sauder
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 215/875-3000
215/875-4604 (fax)
dsorensen@bm.net
acurley@bm.net
zcaplan@bm.net
ksauder@bm.net

Daniel J. Walker
BERGER MONTAGUE PC
2001 Pennsylvania Avenue, N.W., Suite 300
Washington, DC 20006
Telephone: 202/559-9745
dwalker@bm.net

*Interim Lead and Liaison Counsel for the Proposed Direct Purchaser Class*

Peter R. Kohn
Joseph T. Lukens
Neill Clark
FARUQI & FARUQI LLP
One Penn Center, Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
Telephone: 267/628-5011
pkohn@faruqilaw.com
jlukens@faruqilaw.com
nclark@faruqilaw.com

Bradley J. Demuth
FARUQI & FARUQI LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Tel: (212) 983-9330
bdemuth@faruqilaw.com

Barry Taus

Archana Tamoshunas
Miles Greaves
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: 646/873-7654
btaus@tcllaw.com
atamoshunas@tcllaw.com
mgreaves@tcllaw.com

*Additional Counsel for the Proposed Direct Purchaser Class*

So Ordered:

_____
Hon. J. Curtis Joyner