# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re REMICADE ANTITRUST LITIGATION | ) | Civil Action No. 2:17-cv-04326-KSM |
| | ) | **(Consolidated)** |
| | ) | |
| This Document Relates To: | ) | <u>CLASS ACTION</u> |
| | ) | |
| INDIRECT PURCHASER ACTIONS. | ) | The Honorable Karen S. Marston |
| | ) | |
| | | [PROPOSED] CLASS SETTLEMENT PRELIMINARY APPROVAL ORDER |

4868-9802-5754.v2

WHEREAS, the Court has considered the Stipulation of Class Action Settlement between Plaintiffs National Employees Health Plan and Local 295 IBT Employer Group Welfare Fund ("Named Plaintiffs" or "Plaintiffs") and Defendants Johnson & Johnson and Janssen Biotech, Inc. ("Defendants"), including Exhibits thereto, dated April 15, 2022 ("Settlement Agreement")[1], which sets forth the terms and conditions for a proposed Settlement of the Action *In re Remicade Antitrust Litig.*, No. 2:17-cv-04326-KSM (E.D. Pa.) and the termination and disposition of all causes of action against Defendants in the Action with prejudice;

WHEREAS, the Court has considered Plaintiffs' Uncontested Motion for an Order: (1) Certifying a Settlement Class; (2) Granting Preliminary Approval of the Settlement Agreement; (3) Appointing Class Counsel; (4) Appointing a Settlement Administrator and Escrow Agent; (5) Approving the Form and Manner of Notice to the Settlement Class; (6) Preliminarily Approving the Plan of Allocation and Distribution; and (7) Scheduling a Fairness Hearing, the memorandum of law and exhibits filed in support thereof, and all other papers submitted in connection with the Settlement Agreement and the motion for preliminary approval; and

WHEREAS, the Court held a hearing on _____, 2022, at which the Court heard argument on whether the Settlement Agreement should be preliminarily approved;

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

1.      The Court hereby approves Plaintiffs and Defendants entering into the Settlement Agreement. In addition, the Court has considered whether the Settlement Agreement preliminarily satisfies the class action settlement requirements of Rule 23 of the Federal Rules of Civil Procedure.

---

[1]   The Settlement Agreement is attached as Exhibit 1 to the Declaration of Alexandra S. Bernay in Support of Plaintiffs' Uncontested Motion for an Order: (1) Certifying a Settlement Class; (2) Granting Preliminary Approval of the Settlement Agreement; (3) Appointing Class Counsel; (4) Appointing a Settlement Administrator and Escrow Agent; (5) Approving the Form and Manner of Notice to the Settlement Class; (6) Preliminarily Approving the Plan of Allocation and Distribution; and (7) Scheduling a Fairness Hearing ("Bernay Declaration"), filed concurrently.

Based on its consideration, the Court hereby also preliminarily approves the Settlement Agreement for class action settlement purposes, including specifically the Plan of Allocation and Distribution attached as Exhibit A to the Settlement Agreement, as within the range of a fair, reasonable, and adequate settlement within the meaning of Rule 23 and applicable law, and consistent with due process.

2. This Preliminary Approval Order incorporates by reference the definitions in the Settlement Agreement, and all terms herein shall have the same meanings as set forth in the Settlement Agreement.

3. The Court has subject matter and personal jurisdiction over Plaintiffs, all members of the Settlement Class provisionally certified below, and Defendants.

4. Plaintiffs include the Plaintiffs as defined in the Settlement Agreement.

5. Based on and pursuant to the class action criteria of Rule 23(a) and 23(b)(3), **[AS EXPLAINED IN THE ACCOMPANYING OPINION,]** the Court preliminarily finds that the requirements of Rule 23(a) and 23(b)(3) have been met and therefore provisionally certifies, for Settlement purposes only, the following Class:

> All persons and entities in the United States and its territories who indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price of Defendants' infliximab from April 5, 2016 through February 28, 2022 ("Class Period").
>
> The following groups are excluded from the Class:
>
> (a) Defendants, their officers, directors, management, employees, subsidiaries and affiliates; (b) all federal and state governmental entities except for cities, towns or municipalities with self-funded prescription drug plans; (c) all persons or entities who purchased Defendants' infliximab for purposes of resale or who purchased infliximab directly from Defendants; (d) fully insured health plans (*i.e.*, health plans that purchased insurance covering 100% of their reimbursement obligation to members); (e) any "flat co-pay" consumers whose purchases of Defendants' infliximab were paid in part by a third-party payor and whose co-payment was the same regardless of the retail purchase price; (f) pharmacy benefit managers; (g) any judges or justices involved in this Action and any members of their immediate families; and (h) any providers (including but not limited to hospitals, clinics, and

physicians) who purchase Remicade and are later reimbursed for the provision of Remicade.

6. In the event of termination of the Settlement Agreement as provided therein, certification of the Settlement Class shall automatically be vacated and Defendants may fully contest certification of any Class as if no Settlement Class had been certified.

7. The Court finds and concludes **[, AS EXPLAINED IN THE ACCOMPANYING OPINION,]** that Plaintiffs will fairly and adequately represent and protect the interests of the Settlement Class and appoints them to serve as the representatives of the Class. The Court appoints the law firm of Robbins Geller Rudman & Dowd LLP to serve as Class Counsel, finding and concluding that they meet the requirements to be Class Counsel pursuant to Rule 23(g) **[, AS EXPLAINED IN THE ACCOMPANYING OPINION]**.

8. The notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, have been met.

9. The Court appoints Gilardi & Co., LLC as the Settlement Administrator to assist Class Counsel in effectuating and administering the Notice Plan delineated in the Declaration of Carla A. Peak[2] and the exclusion process for opt-outs and in effectuating and administering the claims process for members of the Settlement Class.

10. The Court appoints Huntington Bank to serve as Escrow Agent.

11. The Court determines that Notice should be provided to members of the Settlement Class with exclusion rights afforded to them as to their participation in the Settlement Class.

12. The Court approves the method of Notice to be provided to the Settlement Class as described in the Settlement Agreement and in the Notice Plan delineated in the Peak Declaration, including use of the long-form notice to be mailed and included on the case website and the

---

[2] *See* Declaration of Carla A. Peak in Support of Settlement Notice Plan ("Peak Declaration"), filed concurrently.

summary notice attached as Exhibit C to the Settlement Agreement. The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class that would be bound by the Settlement Agreement and to apprise them of the Action, the terms and conditions of the Settlement Agreement, their right to opt-out and be excluded from the Settlement Class, and to object to the Settlement Agreement; and (b) meets the requirements of Rule 23 and due process.

13. Consistent with the Notice Plan, the Court directs the Settlement Administrator, as soon as practicable following the Court's entry of this Preliminary Approval Order, but before commencement of the mail and summary notice, to provide, a case website, post office box, and toll-free telephone line for providing notice and information to members of the Settlement Class, and receiving exclusion requests and other filings or communications from members of the Settlement Class.

14. Within 60 days following the Court's entry of this Preliminary Approval Order, the Settlement Administrator shall complete the mail and summary notice to members of the Settlement Class that are described in the Notice Plan, using the long-form mail notice and the summary notice contained in Exhibits C and D attached to the Settlement Agreement.

15. As explained in the long-form notice and summary notice, any member of the Settlement Class that does not wish to participate in the Settlement Class shall have until 120 days after the Court's entry of this Preliminary Approval Order – *i.e.*, 60 days after the last date for completion of the mail and summary notice (the "Class Exclusion Period") to submit a request to become an opt-out and be excluded from the Settlement Class.

16. A member of the Settlement Class may affect such an exclusion by sending a written request to the Settlement Administrator, by first-class mail with postage prepaid and postmarked or received within the Class Exclusion Period, or by overnight delivery shown as sent within the Class

Exclusion Period. The written request must be signed by a person authorized to do so, and provide all of the following information:

(a) The words "*In re Remicade Antitrust Litigation*";

(b) A statement of the Settlement Class Member's full name, address, telephone number, and taxpayer identification number; and

(c) A statement that the Settlement Class Member desires to be excluded from the Settlement Class, and by what position or authority he or she has the power to exclude the member from the Settlement Class.

17. As also explained in the long-form notice and summary notice, any Settlement Class Member shall have until 120 days after the Court's entry of the Preliminary Approval Order – *i.e.*, 60 days after the last date for completion of the mail and summary notice (the "Class Objection Period") – to submit an objection to the Settlement Agreement, any request for Attorneys' Fees and Expenses, any request for Service Awards (be an "Objector"), and to file any notice to appear.

18. Such an Objector must file a written statement of objections with the Court within the Class Objection Period, and send it to the following designees of Class Counsel and Defendants' Counsel, by first-class mail and postmarked within the Class Objection Period:

| Designee of Class Counsel: | Designee of Defendants' Counsel: |
|---|---|
| Alexandra S. Bernay<br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101-3301<br>xanb@rgrdlaw.com | William F. Cavanaugh<br>Stephanie Teplin<br>PATTERSON BELKNAP WEBB<br>  & TYLER LLP<br>1133 Avenue of the Americas<br>New York, NY  10036-6710<br>wfcavanaugh@pbwt.com<br>steplin@pbwt.com |

19. The Objector's written statement of objections must: (a) contain the words "*In re Remicade Antitrust Litigation*"; (b) state each and every objection of the Objector and the specific reasons therefor; (c) provide all legal support and all evidence on which the Objector relies in

- 5 -

support of any objection; (d) state the full name and address and telephone number of the Objector; (e) provide information sufficient to establish that the Objector is a member of the Settlement Class, including the information required by ¶16 above; and (f) state the full name, mail address, email address, and telephone number of any counsel representing the Objector in connection with the objections.

20.     In addition, any Objector or counsel for an Objector that desires to appear at the Fairness Hearing must file with the Court within the Class Objection Period, and send to the designees of Class Counsel and Defendants' Counsel identified above, by first-class mail and postmarked within the Class Objection Period, a separate notice of intention to appear that identifies by name, position, address, and telephone number each person who intends to appear at the Fairness Hearing on behalf of the Objector.

21.     Prior to 30 days before the end of the Class Exclusion Period and Class Objection Period Class Counsel will file all motions and supporting papers seeking the Court's final approval of Settlement Agreement, and the Court's approval of any Attorneys' Fees and Expenses, and Service Awards with respect to the their representation of plaintiffs, which culminated in the Settlement Agreement. Class Counsel will also file any additional details regarding the Plan of Allocation and Distribution, after timely and regular consultation with the Defendants and subject to the Court's approval, prior to 30 days before the end of the Class Exclusion Period and Class Objection Period.  Class Counsel will provide notice of such motions and any additional details to members of the Settlement Class by causing all such motions and supporting papers, and any additional details regarding the Plan of Allocation and Distribution, to be posted prominently on the case website within 48 hours or simultaneously with, their filing with the Court.

22.     Within 15 days after the conclusion of the Class Exclusion Period – the Settlement Administrator shall prepare a report, and file it with the Court and provide it to the designees of Class Counsel and Defendants' Counsel as listed above.

23.     The Settlement Administrator's report shall:

(a)     Confirm that the Notice Plan was carried out and that Notice to members of the Settlement Class was provided in the manner directed by the Court;

(b)     Identify the date on which content on the case website was made available to members of the Settlement Class, and identify the dates on which Notice occurred;

(c)     List each member of the Settlement Class that sought to become an opt-out and be excluded from the Settlement Class, and on what date the request to be excluded was postmarked and received, and state whether the Settlement Class Member's request for exclusion was timely and validly made; and

(d)     Attach a copy of all documentation concerning each request for exclusion that the Settlement Administrator received, filed under seal with the Court, if containing confidential information.

24.     The Settlement Administrator's expenses for the foregoing Notice and exclusion activities, including those of any third-party vendors it uses to perform tasks necessary for the implementation or effectuation of its duties, shall be paid from the Escrow Account.  In no event shall any Defendant or other Settlement Released Persons have any obligation, responsibility, or liability with respect to the Settlement Administrator, the Notice Plan, or the exclusion procedures for members of the Settlement Class, including with respect to the costs, Notice and Administration Expenses, or any other charges for any notice and exclusion procedures.

25.     Within 40 days after the conclusion of the Class Objection Period Class Counsel and any other party will file papers responding to objections, if any, to any aspect of the Settlement

Agreement, or to any aspect of the requests for approval of Attorneys' Fees and Expenses, or Service Awards with respect to their representation of Plaintiffs, which culminated in the Settlement Agreement.

26. The Court will hold a Fairness Hearing at least 200 days after the Court's entry of this Preliminary Approval Order, at _____ o'clock on _____ , 2022, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street Philadelphia, PA 19106.  At the Fairness Hearing, the Court will conduct an inquiry as it deems appropriate into the fairness, reasonableness, and adequacy of the Settlement Agreement, address any objections to it, and determine whether the Settlement Agreement and the Plan of Allocation and Distribution should be finally approved, whether final Judgment should be entered thereon, and whether to approve any motions for Attorneys' Fees and Expenses and Service Awards.

27. Pending the Court's determination of whether the Settlement Agreement should finally be approved or the termination of the Settlement Agreement, the Court enjoins the members of the Settlement Class from challenging in any action or proceeding any matter covered by the Settlement Agreement or its release and covenant not to sue provisions, and from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on its behalf, any claims being released the Settlement Released Persons, except for: proceedings in this Court related to effectuating and complying with the Settlement Agreement.

IT IS SO ORDERED.

DATED: _____     _____
                                   THE HONORABLE KAREN S. MARSTON
                                   UNITED STATES DISTRICT JUDGE