# EXHIBIT E

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re REMICADE ANTITRUST LITIGATION | Civil Action No. 2:17-cv-04326-KSM<br>**(Consolidated)** |
| This Document Relates To: | CLASS ACTION |
| INDIRECT PURCHASER ACTIONS. | The Honorable Karen S. Marston |
| | [PROPOSED] FORM OF JUDGMENT |

WHEREAS, Plaintiffs Local 295 IBT Employer Group Welfare Fund and National Employees Health Plan (the "Named Plaintiffs" or "Plaintiffs"), on behalf of themselves and the other Settlement Class Members, and Defendants Johnson & Johnson and Janssen Biotech, Inc. together with their affiliates and subsidiaries ("Defendants," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants and their predecessors, successors, assigns, subsidiaries, and affiliates, in this Action with prejudice on the terms and conditions set forth in the Stipulation of Class Action Settlement (the "Settlement Agreement"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by the Class Settlement Preliminary Approval Order dated _____, 2022 (the "Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) ordered that Notice of the proposed Settlement be provided to the Settlement Class; (iii) provided Settlement Class Members with the opportunity to object to the proposed Settlement; (iv) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class; and (v) scheduled a Fairness Hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2022 (the "Fairness Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction**: The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **CAFA Notice**: The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

3. **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof: (i) the Settlement Agreement filed with the Court on April 15, 2022; and (ii) the Form of Summary Notice of Settlement and the Form of Long-Form Notice of Settlement, both of which were filed with the Court on April 15, 2022.

4. **Class Certification for Settlement Purposes**: Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and based on the record before the Court, the Court certifies, for the purposes of settlement only, the following Settlement Class:

> All persons and entities in the United States and its territories who indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price of Defendants' infliximab from April 5, 2016 through February 28, 2022 (the "Class Period").
>
> The following groups are excluded from the Class:
>
> (a) Defendants, their officers, directors, management, employees, subsidiaries and affiliates; (b) all federal and state governmental entities except for cities, towns or municipalities with self-funded prescription drug plans; (c) all persons or entities who purchased Defendants' infliximab for purposes of resale or who purchased infliximab directly from Defendants; (d) fully insured health plans (*i.e.*, health plans that purchased insurance covering 100% of their reimbursement obligation to members); (e) any "flat co-pay" consumers whose purchases of Defendants' infliximab were paid in part by a third-party payor and whose co-payment was the same regardless of the retail purchase price; (f) pharmacy benefit managers; (g) any

judges or justices involved in this Action and any members of their immediate families; and (h) any providers (including but not limited to hospitals, clinics, and physicians) who purchase Remicade and are later reimbursed for the provision of Remicade.

5. The Court finds that the requirements of Rules 23(a), 23(b)(3), and 23(g) of the Federal Rules of Civil Procedure are satisfied for settlement purposes as follows:

(a) Pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the Court determines that the Settlement Class Members are so numerous that their joinder before the Court would be impracticable;

(b) Pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure, the Court determines that there are one or more questions of fact or law common to the Settlement Class;

(c) Pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure, the Court determines that Plaintiffs' claims are typical of the claims of the Settlement Class;

(d) Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Plaintiffs are certified as class representatives of the Settlement Class;

(e) Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court determines that common questions of law and fact predominate over questions affecting only individual Settlement Class Members;

(f) Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this Action; and

(g) Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Class Counsel are certified as class counsel for the Settlement Class.

6. The Court's certification of the Settlement Class, and certification of Plaintiffs as class representatives of the Settlement Class, as provided herein is without prejudice to, or waiver of,

the rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Judgment shall have no effect on the Court's ruling on any motion to certify any class or appoint class representatives in this litigation, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

7. **Settlement Notice**: The Court finds that the dissemination of the Summary Notice of Settlement and the Long-Form Notice of Settlement: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of (a) the effect of the proposed Settlement (including the Releases to be provided thereunder), (b) their right to object to any aspect of the Settlement, and (c) their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

8. **Final Settlement Approval and Dismissal of Claims**: Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation, the Releases provided for therein and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class after considering the factors set out in *Girsh v. Jepsen*, 521 F.2d 153, 157 (3d Cir. 1975) and Rule 23(e)(2) of the Federal Rules of Civil Procedure.

9. All of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

10. **Binding Effect**: The terms of the Settlement Agreement and of this Judgment shall be binding on Defendants, Defendants' Released Persons, Plaintiffs, and Plaintiffs' Released Persons. The persons listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request.

11. **Releases**: The Releases set forth in §4 of the Settlement Agreement, together with the definitions contained in §1 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to ¶13 of this Judgment, upon the Effective Date of the Settlement, Plaintiffs, the Plaintiffs' Released Persons, and each of the Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every one of the Plaintiffs' Released Claims[1] against Defendants and the Defendants' Released Persons, and

---

[1] "Plaintiffs' Released Claims" means any and all claims, demands, damages, harm, injuries, actions, causes of action, suits, proceedings, matters, or disputes, of any kind whatsoever, whether known or unknown, suspected or unsuspected, accrued or unaccrued, and contingent or non-contingent, which now exist or have existed upon any theory of law or equity (whether contractual, common law, statutory, federal, state, local, or otherwise, including but not limited to any claims for compensatory or punitive damages, or for attorneys' fees, costs, or disbursements of any kind) against Defendants arising prior to February 28, 2022 that relate in any way to any antitrust, unfair competition, consumer protection, Lanham Act or similar common law cause of action regarding Remicade, Inflectra, or any other infliximab product that was asserted or could have been asserted based on the facts alleged in the Action or based on alleged misleading promotional activities by

shall forever be enjoined from prosecuting any or all of the Settled Claims against any of the Defendants' Released Persons.

(b) Without further action by anyone, and subject to ¶13 of this Judgment, upon the Effective Date of the Settlement, Defendants and the Defendants' Released Persons, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every of the Defendants' Released Claims[2] against Plaintiffs and the Plaintiffs' Released Persons, and shall forever be enjoined from prosecuting any or all of the Defendants' Released Claims against Plaintiffs and any of the Plaintiffs' Released Persons.

12. Although the foregoing release is not a general release, such release constitutes a waiver of §1542 of the California Civil Code and any similar statutes (to the extent they apply to the Action). Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

---

Defendants relating to Remicade or any infliximab biosimilars that were the subject of discovery in the Action.

[2] "Defendants' Released Claims" means the Defendants' release of Plaintiffs' Released Persons, and all other members of the Class, of all claims, demands, actions, causes of action, allegations, rights, obligations, costs, losses, and damages arising in whole or in part from or in connection with the acts or omissions of any of the Plaintiffs' Released Persons of any and every kind or nature, whether in law or in equity, in tort or contract, or arising under any statute or regulation, whether known or Unknown Claims, based upon the institution, prosecution, or Settlement of the claims asserted in the Action, except for claims relating to the enforcement of the Settlement.

13. Notwithstanding ¶¶11(a)-(b) of this Judgment, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

14. **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Action.

15. **No Admissions**: Neither this Judgment, the Settlement Agreement (whether or not consummated), including the exhibits thereto, the negotiations leading to the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be:

(a) offered against Defendants or any of the Defendants' Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants or any of the Defendants' Released Persons of the truth of any fact alleged by Plaintiffs, the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of Defendants or any of the Defendants' Released Persons, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; or

(b) offered against Plaintiffs or any of the Plaintiffs' Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the Plaintiffs' Released Persons that any of their claims are without merit or that Defendants or any of the Defendants' Released Persons had meritorious defenses, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement.

16.     **Retention of Jurisdiction**:  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (i) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; and (ii) the Settlement Class Members for all matters relating to the Action.

17.     Separate orders shall be entered regarding approval of a Plan of Allocation and Distribution and the motion of Class Counsel for an award of Attorneys' Fees and Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

18.     **Modification of the Settlement Agreement**:  Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19.     **Termination of Settlement**:  If the Settlement is terminated as provided in the Settlement Agreement, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of February 28, 2022, as provided in the Settlement Agreement.

20. **Entry of Final Judgment**: There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

DATED: _____   _____
                                THE HONORABLE KAREN S. MARSTON
                                UNITED STATES DISTRICT JUDGE