# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE ANTITRUST LITIGATION | MDL No. 14-2542-VSB<br><br>C.A. No. 14-4391-VSB |
|---|---|

## REPORT AND RECOMMENDATION
## ON OBJECTIONS TO THE SETTLEMENT

Pending before me in the above-captioned action are two objections to the proposed

Settlement between the Indirect Purchaser Plaintiffs (IPPs) and Defendant Keurig Green

Mountain ("Keurig"). The Attorneys General of Florida and Illinois (collectively the "Attorneys

General") filed an Objection on behalf of indirect purchasers of K-Cups in their respective states

to the Plan of Allocation. The other objection was filed by Michael E. Zall ("Zall Objection")

concerning the proof of purchases procedures. For the reasons discussed below, I recommend

the Court sustain the Objection of the Attorneys' General and overrule the Objection of Mr. Zall.

## I.    BACKGROUND

The pending Objections are directed to the $31 million Settlement agreed to by the IPPs

and Keurig evidenced by an agreement dated August 14, 2020. The Court granted preliminary

approval of the Settlement on December 16, 2020 (D.I. 1216), and entered a Stipulated Order

Clarifying Preliminary Approval Order ("Clarifying Order") (D.I. 1218) on December 29, 2020.

Pursuant to the Clarifying Order, the deadline for Objections to the Settlement was May 17,

2021. Both the Attorneys General and Zall timely filed their objections. (D.I. 1325, 1326). The

IPPs and Keurig timely filed Responses (D.I. 1332).

## II.    DISCUSSION

### A.  The Objections of the Attorneys General

By their objection, the Attorneys General contend that the proposed Plan of Allocation under the Settlement Agreement, as currently structured, fails to treat class members from Florida and Illinois equitably relative to class members from other states with similar laws. Specifically, the Attorneys General maintain that the settlement "arbitrarily and unfairly restricts the dollar amount paid to indirect purchasers in Florida and Illinois who submit the same documentation of their purchases of Keurig K-Cup Portion Packs ('K-Cups') as class members from other states," such that individuals from Florida and Illinois would only receive a third of the recovery provided to similarly situated IPPs, who purchased K-Cups in states that Class Counsel identified as "Repealer States," i.e. states that recognize an indirect purchaser's right to recover damages for violations of antitrust laws notwithstanding the U.S. Supreme Court's decision in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).  D.I. 1325-1 at 1 and n.1. According to the Attorneys General, Florida and Illinois have laws similar to the Repealer States in that both Florida and Illinois permit indirect purchasers to recover damages suffered from antitrust violations.

The Attorneys General also contend that the interests of Florida and Illinois class members were not adequately represented in the settlement process concerning the Plan of Allocation.  According to the Attorneys General the disparity on the ability of Florida and Illinois indirect purchasers to recover compared with the indirect purchasers from other states makes these two subgroups adverse.  The Settlement Agreement does not provide a subclass for the Florida and Illinois plaintiffs, no independent counsel represented their specific interests, and

2

the Allocation Counsel did not advance arguments for treating Florida and Illinois as Repealer

States.

In my role as the Special Master involved in mediating the allocation issues that

ultimately gave rise to the Plan of Allocation, I am familiar with the facts and circumstances of

this case and the allocation process. In my view, Class counsel and Allocation Counsel worked

professionally and responsibly to achieve a fair and reasonable Plan of Allocation. After a

review of the proposed Plan of Allocation, I concluded that the proposed Plan could treat Class

Member claims differently based on the rights provided by state laws. I also concluded that the

proposed allocation matrix was fair and reasonable and provided an adequate allocation." D.I.

1116, Affidavit, at 3-4; see also D.I. 1320 at 21. However, the Attorneys General of Florida and

Illinois have presented significant issues by their Objections that were not considered or

addressed concerning relevant statutory and case law particular to Florida and Illinois. Florida

courts, as well as other courts considering the allocation issue[1], have recognized that indirect

purchasers in Florida can sue and recover damages for antitrust violations just like indirect

purchasers in Repealer States. *See e.g. Mack v. Bristol-Myers Squibb Co.*, 673 So. 2d 100, 110

(Fla. Dist. Ct. App. 1996) (allowing indirect purchaser claims under the Florida Deceptive and

Unfair Trade Practices Act). And, the Illinois Antitrust Act ("IAA"), 740 ILCS 10/7(2), provides

that "no provision in [the IAA] shall deny any person who is an indirect purchaser the right to

sue for damages." Other courts have also treated Florida and Illinois as Repealer States. *See*

*e.g., In re Polyurethane Foam Antitrust Litig.*, 2014 WL 6461355, at *72-73 (N.D. Ohio Nov.

17, 2014) (certifying class that included indirect purchasers class in Florida and Illinois and

---

[1] *See also In re Aggrenox Antitrust Litig.*, 2016 WL 4204478, at *8 (D. Conn. Aug. 9, 2016); *In re Loestrin 24 FE Antitrust Litig.*, 410 F. Supp. 3d 352, 377 (D.R.I. 2019); *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 538 (E.D. Pa. 2010).

finding "minimal" differences among the various state statutes); *In re Liquid Aluminum Sulfate Antitrust Litig.*, 2019 WL 7375288, at *2 (D.N.J. Nov. 7, 2019).

Considering the facts and circumstances of this case and informed by the cases cited that reach a similar conclusion, I am persuaded that the laws of Florida and Illinois do not present sufficient differences, in the context of this settlement, to justify treating indirect purchasers in Florida and Illinois differently than indirect purchasers in other states. In my view, this conclusion provides a fairer and more reasonable Plan of Allocation. Accordingly, I recommend that the Court sustain the Objection of the Attorneys General and require the Plan of Allocation to treat Florida and Illinois as Repealer States in this settlement. In light of this conclusion, I further recommend that the Court deny as moot the portion of the Objection of the Attorneys General regarding the adequacy of representation of the Florida and Illinois indirect purchasers in the settlement negotiations.

### B. The Zall Objection

Michael E. Zall has objected to the Settlement Claims Process on the grounds that no Settlement Class Members, including him, will have proof of their purchases to submit claims and further suggests other means of compensating consumers be ordered. A Response to the Zall Objection was filed and on May 28, 2021, I held a hearing and heard argument on the Objection. At the hearing, Mr. Zall advised me that prior to the hearing he learned that The Plan of Allocation permits Settlement Class Members to participate in the settlement even if they lack proof of purchase. In light of the procedures that were discussed at the May 28 hearing and are detailed in the Settlement Claims Process for purchasers of K-cups and brewers that lack proof of their purchases, I recommend the Court overrule the Zall Objection.

4

## III.    CONCLUSION

In sum, I recommend the Court sustain the Objection of the Attorneys General of Florida

and Illinois and overrule the Zall Objection.

Date:   June __1__, 2021

Joseph J. Farnan, Jr.
Special Master