# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**If you bought Keurig K-Cup Portion Packs[1] from persons OTHER THAN Keurig and not for the purpose of resale, (i) between September 7, 2010, and August 14, 2020, in the United States (except Mississippi and Rhode Island); (ii) between March 24, 2011, and August 14, 2020, in Mississippi; or (iii) between July 15, 2013, and August 14, 2020, in Rhode Island, you may be entitled to payment from a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

*Para una notificación en español, visite www.KeurigIndirectPurchaserSettlement.com o llame 1-833-794-0948.*

- Keurig Green Mountain, Inc. ("Keurig") has agreed to pay $31 million (the "Settlement Amount") into a fund (the "Fund") to fully settle and release claims of all persons in the United States and its territories who purchased, from persons OTHER THAN Keurig and not for the purpose of resale, Keurig K-Cup Portion Packs during the time period set forth above, as described in the settlement agreement ("Settlement").

- The Fund will be used to pay Settlement Class Members who send in a valid Claim Form; an attorneys' fee award not to exceed 33 1/3% of the Settlement Amount and to be determined by the Court; any incentive awards, not to exceed $3,000 for each Class Representative and to be determined by the Court; and litigation costs, not to exceed $ 2.82 million plus any additional costs of settlement claims administration. If there are any uncashed checks or amounts remaining in the Fund after payments to Settlement Class Members, attorneys' fees, incentive awards, litigation costs and settlement claims administration costs are made, that money will be distributed *cy pres* to Consumer Reports, an independent, nonprofit organization that works side by side with consumers to create a safe, fair, and transparent marketplace.

- The Settlement resolves a lawsuit alleging that Keurig monopolized or attempted to monopolize and restricted, restrained, foreclosed, and excluded competition in order to raise, fix, maintain, or stabilize the prices of Keurig K-Cup Portion Packs at artificially high levels in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, Section 3 of the Clayton Act, 15 U.S.C. § 14, and various state antitrust, unfair competition, consumer protection, unjust enrichment, and other laws.

- The two sides disagree on whether Plaintiffs and the Settlement Class could have prevailed at trial. Keurig continues to deny all of Plaintiffs' allegations and, by entering into the Settlement, Keurig has not conceded the truth or validity of any of the claims against it.

- Your legal rights are affected whether you act or don't act. <u>Read this Notice carefully.</u>

---

[1] Keurig K-Cup Portion Packs means single-serve beverage portion packs manufactured or licensed by Keurig that are compatible with Keurig brewers. A Portion Pack manufactured or licensed by Keurig will generally display the Keurig brand name or logo on the package.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you submit a valid Claim Form by July 15, 2021, and the claim is accepted, you may be eligible to receive a cash refund in the form of electronic payment or a check and will give up certain rights to sue Keurig. |
| **EXCLUDE YOURSELF** | This is the only option that allows you to sue Keurig on your own regarding the legal claims in this case, but you will not receive compensation under the Settlement. The deadline for excluding yourself is May 14, 2021. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. The deadline for objecting is May 17, 2021. |
| **DO NOTHING** | If you do nothing, you will receive no money from the Settlement, but you will still be bound by the Settlement and you will give up certain rights to sue Keurig. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Compensation will be issued if the Court approves the Settlement and after appeals are resolved, if any. Please be patient.

## BASIC INFORMATION

### 1. Why was this Notice issued?

This Notice was issued because a Court has preliminarily certified this case as a class action lawsuit for settlement purposes only and your rights may be affected. If you bought Keurig K-Cup Portion Packs from someone other than Keurig and not for the purpose of resale (i) between September 7, 2010, and August 14, 2020, in the United States (except Mississippi and Rhode Island); (ii) between March 24, 2011, and August 14, 2020, in Mississippi; or (iii) between July 15, 2013, and August 14, 2020, in Rhode Island, you may have legal rights and options in this case. This Notice explains all of your rights in detail below. Judge Vernon S. Broderick of the United States District Court for the Southern District of New York is overseeing this class action. The case is known as *In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation,* MDL No. 2542, Master Docket No. 1:14-md-02542-VSB-SLC, Civil Action No. 1:13-03790-VSB-SLC. The people who sued are called the Plaintiffs. The company they sued, Keurig Green Mountain, Inc., is called the Defendant or Keurig.

## 2. Why is this a class action?

In a class action, one or more people, called "Class Representatives" (in this case, Wasif Bala, Yelda Mesbah Bartlett, Lavinia Simona Biasell, Linda Bouchard, Bouchard & Sons Garage, Inc., Luke Cuddy, Jonna Dugan, Erin Dunbar, Larry Gallant, Denise Gilmore, Patricia Hall, Jennifer Harrison, Teena Marie Johnson, Lori Jo Kirkhart, Kori Lodi, Vivid Hair Studio LLC, Wauneta Dibbern, John Lohin, Angus Macdonald, Edgar Medina, Jennifer Mileikowsky, Brier Miller Minor, David W. Nation, Patricia J. Nelson, Julie Rainwater, Betty Ramey, Lauren Jill Schneider, Shirley Anne Schroeder, Jason and Amy Stratman, and Toni Williams (collectively, "Plaintiffs")), sue on behalf of all people who have similar claims. Together, these people are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class. Here, the Court has certified a class action for settlement purposes only. More information about why this is a settlement class action can be found in the Court's Order Granting Indirect Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Approval of Claims Administrator and Class Notice Plan, which is available at www.KeurigIndirectPurchaserSettlement.com.

## 3. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Keurig. Plaintiffs think they would have prevailed at trial. Keurig thinks the Plaintiffs would not have won anything at a trial. But there was no trial. Instead, both sides agreed to this Settlement. That way, they avoid the risk and cost of a trial, and the Settlement Class Members will receive compensation. The Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members.

# THE CLAIMS IN THE LAWSUIT

## 4. What is the lawsuit about?

The lawsuit has been pending since 2014 (the "Action"). It claims that Keurig monopolized or attempted to monopolize and restricted, restrained, foreclosed, and excluded competition in order to raise, fix, maintain, or stabilize the prices of Keurig K-Cup Portion Packs at artificially high levels in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, Section 3 of the Clayton Act, 15 U.S.C. § 14, and various state antitrust, unfair competition, consumer protection, unjust enrichment, and other laws. More information can be found in the Third Consolidated Amended Indirect Purchaser Class Action Complaint, available at www.KeurigIndirectPurchaserSettlement.com.

# MEMBERS OF THE SETTLEMENT CLASS

## 5. How do I know if I am a part of the Settlement Class?

The Court has certified this case for settlement purposes only as a class action. The class (the "Settlement Class") is defined as:

All individuals and entities in the United States and its territories that purchased, from persons other than Keurig and not for resale, Keurig K-Cup Portion Packs during the period September 7, 2010, to August 14, 2020 (except for claims under Mississippi law—which are for purchases during the period from March 24, 2011, to August 14, 2020—and Rhode Island Law—which are for purchases from July 15, 2013, to August 14, 2020).

3

Excluded from the Settlement Class are Keurig and its predecessors, subsidiaries, parents, affiliates, joint venturers, and their directors and executive officers, and parties to any supply, retail, or distribution contracts with Keurig relating to Keurig K-Cup Portion Packs or Keurig brewers, as well as all federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, any judge or jurors assigned to this case, the Hon. Joseph J. Farnan, Jr. (Ret.), who served as a mediator in this case and any class member who excludes themselves as set forth in Question 14.

The "Settlement Class Period" is defined as September 7, 2010, to August 14, 2020, inclusive, for purchases in the United States (excluding Mississippi and Rhode Island). For purchases in Mississippi, the Settlement Class Period is defined as March 24, 2011, to August 14, 2020, inclusive. For purchases in Rhode Island, the Settlement Class Period is defined as July 15, 2013, to August 14, 2020, inclusive.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

Keurig has agreed to pay $31,000,000 in a non-reversionary fund in full and complete settlement and release of all claims of Plaintiffs and the Settlement Class Members, as described in the Settlement. The Fund will be used to pay Settlement Class Members who send in a valid Claim Form, after attorneys' fees, settlement and class administration costs, and other expenses have been deducted. You cannot receive compensation unless you submit a Claim Form as set forth below.

The value of any claim will be based on the location of the purchase of the Keurig K-Cup Portion Pack and any proof of purchase. In accordance with the Plan of Allocation, the value of a claim will be calculated by the following matrix:

| | For Purchases Made in Repealer States or Territories[2] | For Purchases Made in Non-Repealer States or Territories[3] |
| --- | --- | --- |
| Proof of Purchase of Keurig K-Cup Portion Pack from a person other than Keurig Submitted with Proof of Claim | 100% of claim | 7.5% of claim |
| No Proof of Purchase of Keurig K-Cup Portion Pack, but Proof of Purchase of Keurig Brewer Submitted with Proof of Claim | 50% of claim with a 7,300-cup/12 mo. cap | 3.75% of claim with a 7,300-cup/12 mo. cap |
| No Proof of Purchase of Keurig K-Cup Portion Pack or Keurig Brewer Submitted with Proof of Claim | 10% of claim with a 550-cup/12 mo. cap | 0.75% of claim with a 550-cup/12 mo. cap |

[2] The following are Repealer States or Territories: Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, Wisconsin and Guam.

[3] The following are Non-Repealer States or Territories: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Indiana, Kentucky, Louisiana, Maryland, Montana, New Jersey, Ohio, Oklahoma, Pennsylvania, South Carolina, Texas, Virginia, Washington, Wyoming, American Samoa, Puerto Rico, the Northern Mariana Islands, and the U.S. Virgin Islands.

Each Settlement Class Member who submits a valid Claim Form will receive its pro rata share of the Fund, after attorneys' fees, settlement and class administration costs, and other expenses have been deducted, based on the value of its claim against all claims submitted (a "Settlement Award"). However, any claim whose value is less than the cost to transmit payment will not be paid.

Settlement Class Counsel will ask the Court to approve an award of up to 33 1/3% of the Settlement Amount to them for attorneys' fees, up to $2.82 million for expenses plus additional costs of settlement administration, up to $3,000 to each Class Representative who was deposed in the Action, and up to $1,500 to the remaining Class Representatives.

Settlement Class Counsel, at appropriate times, will ask the Court to award settlement and class administration costs, including the cost of notice to the Settlement Class. Settlement Class Counsel presently estimates that the cost will not exceed $625,000.

If there are any uncashed checks or amounts remaining in the Fund after Settlement Awards are issued to Settlement Class Members, that money will be distributed *cy pres* to Consumer Reports, an independent, nonprofit organization that works side by side with consumers to create a safe, fair, and transparent marketplace.

## 7. How much will my payment be?

Your share of the Fund will depend on the value of your claim. The value of your claim will be based on the location of the purchase of the Keurig K-Cup Portion Pack and any proof of purchase. The matrix set forth in Part 6 above will be used to value your claim. If you submit a valid Claim Form, you will receive your pro rata share of the Fund, after attorneys' fees, settlement and class administration costs, and other expenses have been deducted, based on the value of your claim against all claims submitted. However, if the value of your claim is less than the cost to transmit payment, you will not be paid.

## 8. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement, you will be part of the Settlement Class, and you will be bound by the release of claims in the Settlement. This means that, if the Settlement is approved, you cannot sue, continue to sue, or be part of any other lawsuit against Keurig asserting a released claim. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the Claim Form or do nothing, you will agree to release Keurig from any and all claims under federal and state law that arise from the allegations in this Action.

# THE LAWYERS REPRESENTING YOU

## 9. Do I have a lawyer in this case?

Yes. The Court has appointed the law firms of Kaplan Fox & Kilsheimer LLP, 850 Third Avenue, 14th Floor, New York, NY 10022; Pearson, Simon & Warshaw, LLP, 15165 Ventura Blvd., Suite 400, Sherman Oaks, CA 91403; and Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, NY 10016, as Settlement Class Counsel to represent you and the Settlement Class in this case. These lawyers have experience handling similar cases. More information about these lawyers and their law firms is available at www.kaplanfox.com, www.pswlaw.com, and www.whafh.com.

## 10. Should I get my own lawyer?

You do not need to hire your own lawyer because Settlement Class Counsel is representing you and all the other members of the Settlement Class. If you want someone other than Settlement Class Counsel to speak for you, you may hire your own lawyer at your own expense.

## 11. How will the lawyers be paid?

Settlement Class Counsel will ask the Court to approve payment of up to 33 1/3% of the Settlement Amount to them for attorneys' fees and up to $2.82 million to reimburse them for expenses incurred including experts' fees, and plus additional costs of settlement administration. The fees would pay Settlement Class Counsel for litigating this case, including investigating the facts, engaging in motion practice and discovery, and negotiating the Settlement, since 2014 without any payment.  The Court may award less than these amounts. Attorneys' fees and expenses awarded by the Court will be payable upon the Court's award notwithstanding the existence of any objection to the Settlement, but subject to Settlement Class Counsel's obligation to refund or repay the Settlement Fund if the settlement is ultimately not approved.

# HOW TO APPLY FOR COMPENSATION

## 12. How can I get compensation under the Settlement?

To qualify for compensation under the Settlement, you must submit a Claim Form by no later than **July 15, 2021.** You may submit a hard-copy Claim Form by mail or overnight courier. You may submit a Claim Form online at www.KeurigIndirectPurchaserSettlement.com. A Claim Form is available to download and print at www.KeurigIndirectPurchaserSettlement.com. Read the instructions carefully, fill out the form, sign it, and transmit it. If sent by mail, it must be postmarked no later than **July 15, 2021.**

The Claim Form must be signed by you under penalty of perjury (either by hand or, if you submit it online, electronically), affirming that you are a qualified member of the Settlement Class and that the information provided therein is true and accurate to the best of your knowledge.

## 13. When would I receive compensation?

Before payments can be sent, the Court will hold a hearing on June 4, 2021 at 10:00 a.m., Eastern, to decide whether to approve the Settlement, which is called the Final Approval Hearing. If the Court approves the Settlement, after that, it takes time to process the claims and there may be delays.  Everyone who sends in a Claim Form will be informed of the progress of the Settlement through information posted at www.KeurigIndirectPurchaserSettlement.com. Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 14. How do I get out of the Settlement?

If you do not want a Settlement Award under this Settlement, and you want to keep the right to sue or continue to sue Keurig regarding its alleged anti-competitive practices that are the subject of the Action, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting out of, the Settlement Class.

To exclude yourself from the Settlement, you must send a letter by mail to the Claims Administrator that (a) states your name, address, and telephone number; (b) an estimate of the approximate number of Keurig K-Cup Portion Packs you purchased during the Settlement Class Period; (c) is personally signed by you, and not your attorney or anyone acting on your behalf; and (d) includes the statement "I/we request to be excluded from the indirect purchaser class settlement in *In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation, MDL No. 2542, Master Docket No. 1:14-md-02542-VSB-SLC, Civil Action No. 1:13-03790-VSB-SLC.*" No request for exclusion will be valid unless all of the information described above is included.

You must mail your exclusion request postmarked no later than May 14, 2021 to the Claims Administrator at the following address: Keurig Indirect Purchasers Antitrust Settlement (Exclusions) c/o JND Legal Administration, P.O. Box. 91383, Seattle, WA 98111.

**15. If I do not exclude myself, can I sue Defendant for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Keurig for the claims that this Settlement resolves.

**16. If I exclude myself, can I get compensation under this Settlement?**

No. If you ask to be excluded, you will not get any compensation under the Settlement, and you cannot object to the Settlement.

## OBJECTING TO THE SETTLEMENT, ATTORNEYS' FEES, OR THE PLAN OF ALLOCATION

**17. How do I tell the Court that I do not agree with the Settlement?**

You can ask the Court to deny approval of the Settlement, the Attorneys' Fees or the Plan of Allocation by filing an objection. You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement Awards will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation, This Relates to the Indirect Purchaser Actions,* MDL No. 2542, Master Docket No. 1:14-md-02542-VSB-SLC, Civil Action No. 1:13-03790-VSB-SLC.), (b) be submitted to the Court either by mailing them to the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007, or by filing them in person at any location of the United States District Court for the Southern District of New York, and (c) be filed or postmarked on or before May 17, 2021.

Written objections must also contain: (1) your full name, address and telephone number; (2) a written statement of all grounds for the objection accompanied by any legal support for the objection; (3) copies of any papers, briefs, or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection (if any); (5) a statement of whether you intend to appear at the Final Approval Hearing; (6) proof of membership in the Settlement Class; (7) a list of all objections

filed by the you or your counsel (if any) to class action settlements in the last ten years; and (8) your signature and your attorney's signature (if any).

## 18. What is the difference between objecting and excluding myself from the Settlement?

Objecting means you are telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement means that you do not want to be part of the Settlement Class. If you exclude yourself, then you have no basis to object to the Settlement.

## IF YOU DO NOTHING

## 19. What happens if I do nothing at all?

If you do nothing, you will remain a member of the Settlement Class, and you will give up your rights to sue Keurig. However, you will not receive any compensation, because you must submit a Claim Form in order to receive compensation under this Settlement.

## THE COURT'S FINAL APPROVAL HEARING

## 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at 10:00 a.m., Eastern, on June 4, 2021,[4] at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 518, New York, NY 10007, or by telephonic or electronic means. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are valid objections that comply with the requirements in Part 17 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Settlement Class Counsel and the Class Representatives.

The date of the Final Approval Hearing may change without further notice to the Settlement Class. Settlement Class Members should check the Settlement Website, www.KeurigIndirectPurchaserSettlement.com or the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nysd.uscourts.gov to confirm that the date has not been changed.

## 21. Do I have to come to the Final Approval Hearing?

No. Settlement Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come or have your own lawyer appear, at your own expense.

---

[4] The hearing date may change without further notice. Check the settlement website www.KeurigIndirectPurchaserSettlement.com for updates.

## 22. May I speak at the Final Approval Hearing?

You or any lawyer you retain may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your objection to the Settlement a statement saying that it is your intent to appear at the Final Approval Hearing. Your objection and notice of intent to appear must be submitted to the Court and postmarked no later than May 17, 2021. You cannot speak at the hearing if you excluded yourself from the Settlement.

## GETTING MORE INFORMATION

## 23. Is this the entire Notice of the Settlement?

No. This notice is only a summary of the proposed Settlement. More information about the lawsuit and the precise terms and conditions of the Settlement is available at www.KeurigIndirectPurchaserSettlement.com, or by calling toll-free 1-833-794-0948, or by writing to JND Legal Administration the Claims Administrator, at Keurig Indirect Purchasers Antitrust Settlement c/o JND Legal Administration, P.O. Box 91382, Seattle, WA 98111 or via e-mail at info@KeurigIndirectPurchaserSettlement.com, or by accessing the Court docket in this case, for a fee, through the Court's PACER system at https://ecf.nysd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007, between 9:00 a.m. and 1:00 p.m.[5] Monday through Friday, excluding Court holidays, or by contacting Settlement Class Counsel at the information listed immediately below.

| Kaplan Fox & Kilsheimer LLP | Wolf Haldenstein Adler Freeman & Herz LLP | Pearson Simon & Warshaw, LLP |
|---|---|---|
| Robert N. Kaplan<br>Gregory K. Arenson<br>Hae Sung Nam<br>Jason Uris<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br>(212) 687-1980<br>rkaplan@kaplanfox.com<br>garenson@kaplanfox.com<br>hnam@kaplanfox.com<br>juris@kaplanfox.com | Mark Rifkin<br>Thomas Burt<br>270 Madison Avenue<br>New York, NY 10016.<br>(212) 545-4600<br>rifkin@whafh.com<br>burt@whafh.com | Clifford H. Pearson<br>Daniel L. Warshaw<br>Matthew A. Pearson<br>15165 Ventura Blvd., Suite 400<br>Sherman Oaks, CA 91403<br>(818) 788-8300<br>cpearson@pswlaw.com<br>dwarshaw@pswlaw.com<br>mapearson@pswlaw.com |

This Settlement Notice was approved by order of the United States District Court for the Southern District of New York on December 29, 2020. A copy of the Court's order is available on the Settlement website at www.KeurigIndirectPurchaserSettlement.com.

Dated: January 8, 2021

By Order of the Court
United States District Court
Southern District of New York

**Please do not contact the Court or the Court Clerk's Office to inquire about this Settlement or the Claims Process.**

---

[5] Court hours may change. Check the settlement website www.KeurigIndirectPurchaserSettlement.com for updates.