# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re REMICADE ANTITRUST LITIGATION | ) | Civil Action No. 2:17-cv-04326-KSM |
| | ) | **(Consolidated)** |
| | ) | |
| This Document Relates To: | ) | <u>CLASS ACTION</u> |
| | ) | |
| INDIRECT PURCHASER ACTIONS. | ) | The Honorable Karen S. Marston |
| | ) | |
| | ) | AMENDED PLAN OF ALLOCATION AND DISTRIBUTION |

1. This Amended Plan of Allocation and Distribution ("Plan of Allocation") will govern distributions from the net proceeds of the Settlement Fund created by the April 15, 2022, Stipulation of Class Action Settlement ("Settlement Agreement") between Plaintiffs Local 295 IBT Employer Group Welfare Fund and National Employees Health Plan ("Plaintiffs") and Defendants Johnson & Johnson and Janssen Biotech, Inc. ("Defendants") (the "Net Settlement Fund").

2. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to Settlement Class Members who suffered economic losses as a result of the alleged violations of law asserted in the Complaint. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial, whether as a measure of damages or restitution. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the actual amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3. To receive a Distribution under this Plan of Allocation, persons or entities must be a member of the Settlement Class and must submit a timely and valid Claim Form.[1] Claimants who requested exclusion from the Settlement Class shall not receive any distributions pursuant to this Plan of Allocation.

---

[1] With the exception of Settlement Class Members in Illinois and Massachusetts, the claims period for the Settlement Class ended on November 30, 2022. For Massachusetts consumer Settlement Class Members and all Illinois Settlement Class Members, however, this claim submission period shall be extended for an additional three weeks from the Notice Date, and any claims made before the last date of that period shall be considered timely. The "Notice Date" shall be the date on which Class Counsel initiates a new, targeted digital notice campaign targeting Massachusetts consumer Class Members and Illinois Class Members. Such notice will be provided as soon as is practicable after the date on which this Amended Plan of Allocation is filed with the Court.

4. The timeliness and validity of all Claims submitted by Settlement Class Members shall be determined by the Settlement Administrator, subject to review by Class Counsel and approval by the Court. All determinations under this Plan of Allocation shall be made by the Settlement Administrator, subject to review by Class Counsel and approval by the Court.

5. Recognized Claim: A Claimant's "Recognized Claim" shall be calculated based on the total dollars spent by the Settlement Class Member to indirectly purchase or provide reimbursement for some or all of the purchase price of Remicade during the settlement Class Period. Settlement Class Members' Recognized Claims are subject to calculation under only one of ¶¶5(a), 5(b), or 5(c) below. The Recognized Claims of Settlement Class Members that have indirectly purchased or provided reimbursement for some or all of the purchase price of Remicade and that reside or have their principal place of business in one of the Selected States[2] shall be calculated entirely and solely under ¶5(a), the Recognized Claims of Settlement Class Members that have indirectly purchased or provided reimbursement for some or all of the purchase price of Remicade in one or more of the Selected States, but do not reside or have their principal place of business in one of the Selected States shall be calculated entirely and solely under ¶5(b), and the Recognized Claims of Settlement Class Members that have not indirectly purchased or provided reimbursement for some or all of the purchase price of Remicade in any of the Selected States, and neither reside nor have their principal place of business in one of the Selected States shall be calculated entirely and solely under ¶5(c):[3]

---

[2] "Selected States" includes the states or commonwealths in the Settlement Agreement, but shall also include Illinois and Massachusetts. However, Massachusetts will be considered a Selected State only with respect to claims filed by consumers whose Remicade purchases were made only for personal use.

[3] Counsel have determined that Class Members who neither reside nor have their principal place of business in the Selected States and who have not indirectly purchased or provided reimbursement for some or all of the purchase price of Remicade in one of the Selected States may receive compensation in recognition of potential equitable claims by those Class Members.

(a) The Recognized Claim of Class Members that reside or have their principal place of business in one of the Selected States shall be the total dollars spent by that member to indirectly purchase or provide reimbursement for some or all of the purchase price of Remicade.

(b) The Recognized Claim of Class Members that do not reside or have their principal place of business in one of the Selected States but indirectly purchased or provided reimbursement for some or all of the purchase price of Remicade in one or more of the Selected States shall be the sum of:

(i) The total dollars spent to indirectly purchase or provide reimbursement for some or all of the purchase price of Remicade in any of the Selected States; and

(ii) The total dollars spent to indirectly purchase or provide reimbursement for some or all of the purchase price of Remicade outside of the Selected States multiplied by 0.01.

(c) The Recognized Claims of Class Members of that do not reside or have their principal place of business in one of the Selected States and did not indirectly purchase or provide reimbursement for some or all of the purchase price of Remicade in any of the Selected States shall be the total dollars spent to indirectly purchase or provide reimbursement for some or all of the purchase price of Remicade multiplied by 0.01.

6. Documentation Requirement: All Claim Forms claiming a Recognized Claim of $1,000 or more require Claim Documentation, as defined below. In addition, Claim Forms below that threshold may be determined to require Claim Documentation by the Settlement Administrator where the Settlement Administrator disputes a material fact concerning the Claim Form. Absent acceptable Claim Documentation, the Settlement Administrator may, in consultation with Class Counsel, deny all or part of a claim.

7. "Claim Documentation" means itemized receipts, cancelled checks, invoices, statements, or other business or transaction records documenting payment for purchases or reimbursement paid for Remicade during the settlement Class Period.

8. Determination of Distribution Amount:  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

9. If an Authorized Claimant's Distribution Amount calculates to less than $25.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

10. Settlement Benefits shall be paid via Zelle, PayPal, Venmo, or other direct deposit via ACH, as selected by the Authorized Claimant when submitting a claim.  Authorized Claimants choosing Zelle, PayPal or Venmo shall be provided 180 days from issuance to take custody of the funds.  After the initial Distribution of the Net Settlement Fund, to the extent any monies remain in the Net Settlement Fund after the initial Distribution, if Class Counsel, in consultation with the Settlement Administrator, determines that it is cost-effective to do so, the Settlement Administrator, no less than 7 months after the initial Distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have received initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have received re-distributions and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Class Counsel, in consultation with the Settlement Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-

distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Crohn's & Colitis Foundation, or one or more other non-sectarian, not-for-profit, 501(c)(3) organization(s) to be determined by Class Counsel and approved by the Court.

11. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all claimants. No person or entity shall have any claim against Plaintiffs, Class Counsel, the Settlement Administrator, or any other agent designated by Class Counsel, or Defendants' Released Persons and/or their respective counsel, arising from distributions made substantially in accordance with the Settlement Agreement, the Plan of Allocation approved by the Court, or any order of the Court. Plaintiff and Defendants, and their respective counsel, and all other Released Persons shall have no liability whatsoever for the investment or Distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

12. The Plan of Allocation set forth herein is the plan that is being proposed by Plaintiffs to the Court for its approval. The Court may approve this Plan of Allocation as proposed or it may further amend or modify the Plan of Allocation without additional notice to the Settlement Class. Any orders regarding any amendment or modification of this Plan of Allocation will be posted on www.RemicadeSettlement.com.

4880-5029-4850.v1