UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re REMICADE ANTITRUST LITIGATION ) <br> ) <br> ) <br> This Document Relates To: ) <br> ) <br>    INDIRECT PURCHASER ACTIONS. ) <br> ) | Civil Action No. 2:17-cv-04326-KSM <br> **(Consolidated)** <br><br> <u>CLASS ACTION</u> <br><br> The Honorable Karen S. Marston <br><br> REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT |

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | THE REACTION OF THE CLASS SUPPORTS FINAL APPROVAL | 1 |
| III. | THE SOLE OBJECTOR'S ARGUMENTS ARE WITHOUT MERIT AND SHOULD BE OVERRULED | 3 |
| | A. Mr. Gomez's Objections Rest on a Number of Demonstrably Inaccurate Assertions | 4 |
| | B. Mr. Gomez's Remaining Arguments are Meritless | 5 |
| IV. | CHANGES TO THE PLAN OF ALLOCATION AND DISTRIBUTION TO INCLUDE ILLINOIS AND MASSACHUSETTS HAVE RESULTED IN MORE CLAIMS BY CLASS MEMBERS | 9 |
| V. | MANY THOUSANDS OF CLAIMS HAVE BEEN SUBMITTED | 10 |
| VI. | CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Page

**CASES**

*Abrams v. Lightolier, Inc.*,
50 F.3d 1204 (3d Cir. 1995) ............................................................................................8

*Calibuso v. Bank of Am. Corp.*,
299 F.R.D. 359 (E.D.N.Y. 2014) ....................................................................................9

*Girsh v. Jepson*,
521 F.2d 153 (3d Cir. 1975) ............................................................................................1

*Gunter v. Ridgewood Energy Corp.*,
223 F.3d 190 (3d Cir. 2000) ............................................................................................3

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
2015 WL 5918273 (E.D.N.Y. Oct. 9, 2015) ...................................................................3

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ............................................................................................2

*In re Polyurethane Foam Antitrust Litig.*,
168 F. Supp. 3d 985 (N.D. Ohio 2016) .......................................................................5, 6

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
148 F.3d 283 (3d Cir. 1998) .......................................................................................1, 2

*In re Remeron End-Payor Antitrust Litig.*,
2005 WL 2230314 (D.N.J. Sept. 13, 2005) ....................................................................2

*In re Remicade Antitrust Litig.*,
2022 WL 3042766 (E.D. Pa. Aug. 2, 2022) ...................................................................1

*In re Viropharma Inc. Sec. Litig.*,
2016 WL 312108 (E.D. Pa. Jan. 25, 2016) .....................................................................8

*In re Wawa, Inc., Data Sec. Litig.*,
2022 WL 1173179 (E.D. Pa. Apr. 20, 2022) ..................................................................2

*Mayer v. Driver Sols., Inc.*,
2012 WL 453234 (E.D. Pa. Feb. 13, 2012) ....................................................................7

*Remick v. City of Phila.*,
2022 WL 2703601 (E.D. Pa. July 12, 2022) ..................................................................2

*Rougvie v. Ascena Retail Grp., Inc.*,
2016 WL 4111320 (E.D. Pa. July 29, 2016) ..................................................................7

**Page**

*Rowe v. E.I. du Pont De Nemours & Co.*,
   2011 WL 3837106 (D.N.J Aug. 26, 2011) ...................................................................7

*Tenuto v. Transworld Sys.*,
   2001 WL 1347235 (E.D. Pa. Oct. 31, 2001) ..................................................................7

*Wright v. Nationstar Mortg. LLC*,
   2016 WL 4505169 (N.D. Ill. Aug. 29, 2016) .................................................................5

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
     Rule 23(b)(3) ....................................................................................................................7
     Rule 23(e)(4) .................................................................................................................7, 8

I.      INTRODUCTION

Plaintiffs Local 295 IBT Employer Group Welfare Fund and National Employees Health Plan ("Plaintiffs") respectfully submit this Reply Memorandum in Further Support of their Motion for Final Approval of Settlement ("Reply") of the $25 million cash settlement, approval of the Amended Plan of Allocation and Distribution (ECF 202-1) ("Amended Plan of Allocation"), an award of attorneys' fees and expenses, and service awards for Plaintiffs.  As detailed in Plaintiffs' motion for final approval (ECF 195), each of the factors considered by courts in the Third Circuit tip in favor of approval here.  *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975);[1] *see also* ECF 195-1 at 8-9.  In this Reply, Plaintiffs provide further details supporting final approval, address arguments raised by the single objector to the settlement, and give an update regarding the claims process.

As the Court held in August when it preliminarily approved the settlement, "[t]he proposed settlement at issue here does not raise any doubts as to fairness or otherwise reveal any deficiencies." *In re Remicade Antitrust Litig.*, 2022 WL 3042766, at *10 (E.D. Pa. Aug. 2, 2022).  Nothing has occurred since that Order to call into question the Court's finding.  In fact, that the settlement garnered only one flawed objection and no there were no opt outs, further supports final approval.

II.     THE REACTION OF THE CLASS SUPPORTS FINAL APPROVAL

One of the seminal factors district courts consider in connection with final approval of a settlement is "'the reaction of the class to the settlement.'"  *Girsh*, 521 F.2d at 157.[2]  "[T]he low

---

[1]    All citations are omitted and emphasis is added, unless otherwise indicated.  All objections in this document refer to the individual objections ("Objection") listed in purported Class Member Jose Gomez's objection letters to the Court.  ECFs 201, 206 ("Amended Objections" received late last night and filed by counsel on behalf of Mr. Gomez who stated that he is awaiting ECF filing rights).

[2]    The Third Circuit Court of Appeals has expanded upon the *Girsh* factors to include several permissive and non-exhaustive factors.  As set forth more fully in Plaintiffs' motion for final approval, those factors are also met here.  *See In re Prudential Ins. Co. Am. Sales Practice Litig.*

- 1 -

number of objections and the lack of strong arguments regarding a negative reaction weigh in favor of final approval." *In re Wawa, Inc., Data Sec. Litig.*, 2022 WL 1173179, at *5 (E.D. Pa. Apr. 20, 2022); *Remick v. City of Phila.*, 2022 WL 2703601, at *4 (E.D. Pa. July 12, 2022) ("A low number of objectors compared to the potential number of class members creates a strong presumption in favor of approving a settlement.").

Here, the Class's reaction is overwhelmingly supportive. Indeed, following an extensive notice program that included mailed notice to thousands of possible Class Members, a wide-ranging advertising campaign that reached millions of consumers, novel methods of notice including direct emails to certain relevant health-related foundations, publication on distinct, targeted Facebook pages, and publication on a dedicated case website, **only a single objection was received and no class members sought to be excluded**. *See* Declaration of Derek Smith in Further Support of Plaintiffs' Motion for Final Approval of Settlement ("Smith Decl."), filed concurrently (detailing notice efforts and reaction of the Class).

This demonstration of support weighs in favor of approval. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("[t]he vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement"). Further, "[g]iven that the TPP portion of the class is made up largely of sophisticated managed care companies, the fact that not one of them wishes to exclude itself is strong evidence of a positive reaction to the settlement." *In re Remeron End-Payor Antitrust Litig.*, 2005 WL 2230314, at *17 (D.N.J. Sept. 13, 2005). The Class's positive reaction also supports the requested attorneys' fees and expenses, along with the requested

---

*Agent Actions*, 148 F.3d 283, 323 (3d Cir. 1998). Those factors include: (1) the maturity of the underlying substantive issues; (2) the existence and probable outcome of claims by other classes and subclasses; (3) the comparison between the results achieved by the settlement; (4) whether class members are granted opt out rights; (5) whether the request for attorneys' fees is reasonable; and (6) whether the claims process under the settlement is fair and reasonable. *Id.*

service awards to Plaintiffs for their work in the case. *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) (when assessing fee requests, courts consider "the presence or absence of substantial objections by members of the class to the settlement terms and/or [the] fees requested by counsel"). Likewise, the lack of objection to Plaintiffs' motion for service awards supports granting the motion. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 2015 WL 5918273, at *6 (E.D.N.Y. Oct. 9, 2015) (lack of objections a factor considered when granting service award).

## III. THE SOLE OBJECTOR'S ARGUMENTS ARE WITHOUT MERIT AND SHOULD BE OVERRULED

The single objection received is from purported Class Member Jose Gomez, who appears to be proceeding *pro se* and who has not provided any evidence of Class membership beyond a statement that he purchased Remicade at some point in 2016 in Florida.[3] The objection makes scattershot complaints and is riddled with inaccurate statements regarding the settlement. Counsel first contacted Mr. Gomez in early December 2022 and several times thereafter in an effort to correct his misrepresentations and to discuss his objections. After hearing no response for weeks, other than a request for more information (which was promptly provided), late Sunday night counsel received an email and attachment from Mr. Gomez. *See* Declaration of Alexandra S. Bernay in Further Support of Plaintiffs' Motion for Final Approval of Settlement ("Bernay Decl."), ¶6 & Exs. 3-6, attached thereto, filed concurrently.[4] Mr. Gomez's amended objections are untimely and while he

---

[3] Mr. Gomez states that he purchased Remicade in Florida in 2016, but does not provide any specifics as to the date or amounts paid. The class period is April 5, 2016 through February 28, 2022.

[4] Mr. Gomez could have filed a claim and maintained his objections, but failed to do so. In his objection letter, he states that he will file a claim or opt out after the Court "renders final terms of the settlement and the payment provisions" but this is not the Court-approved process and any attempt to file a claim or opt out after the Court determines whether to finally approve the settlement should be void. ECF 201 at 1.

has dropped some objections after being advised that they were incorrect, the amended objections remain inaccurate, unsupported, and legally deficient.

### A. Mr. Gomez's Objections Rest on a Number of Demonstrably Inaccurate Assertions

Mr. Gomez makes certain demonstrably false claims in his original and amended objections. He previously argued that the claim form does not allow foreign addresses to be used. Objection 3. This is not true. *See* Bernay Decl., ¶10 (screen shot from website). Now he argues that it is unclear how a person will be paid if they purchased Remicade from a repealer state, but presently live outside the United States. This is also inaccurate. The Amended Plan of Allocation makes clear that it is the site of purchase that matters and there is no penalty or relevance to place of current residency. *See* Amended Plan of Allocation, ¶5.

Also incorrect is Mr. Gomez's contention that no address was available for him to send his objection. ECF 201 at 1. The Court and counsel's respective addresses are prominently displayed both on the website and in the notice.[5]

Mr. Gomez also claims that there is no easy way to change one's address. Objection 12. This is also inaccurate. The website provides three methods to contact the claims administrator including by mail, email, and telephone. Contrary to his assertion, Counsel never "refused" to add a form for changes of address (although no such form is required). Through any of these avenues, a Class Member is able to update their mailing address, if necessary.[6] While Mr. Gomez may not have read the notice, or read it reasonably carefully, the notice is clear.[7]

---

[5]   Mr. Gomez has dropped Objection 14 after being informed that he was incorrect regarding the availability of the Settlement Agreement on the website. It is and so are many other relevant case-related filings. *See* Bernay Decl., Ex. 9 (showing available case documents, including the settlement agreement).

[6]   Mr. Gomez appears to have dropped his incorrect assertion that Class Members are required to appear at hearing. As set forth in the notice and ordered by the Court, in order to object, a Class Member need only send a letter to the Court that includes, *inter alia*, a statement as to "(e) **whether**

- 4 -

### B. Mr. Gomez's Remaining Arguments are Meritless

Mr. Gomez argues that the objection process is too burdensome because objections must be mailed. Objection 18. But this is standard procedure in class actions and hardly a meaningful objection. "Gathering these documents and paying for postage requires minimal time and financial burden, and courts have approved even more cumbersome requirements, including submitting proof of class membership." *Wright v. Nationstar Mortg. LLC*, 2016 WL 4505169, at *13 (N.D. Ill. Aug. 29, 2016). He also complains about purported delays in mailing. Objection 11.[8] He claims with no support that sending a check by regular mail takes between six weeks and three months to receive. This objection lacks merit. *See, e.g.*, *In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 998-99 (N.D. Ohio 2016) (rejecting several objections to claims administration process, including to length of time to receive settlement distributions). Moreover, various sites online show much shorter delivery times. *See, e.g.*, USPS Delivery Times (1-3 business days for domestic first class mail and

---

you intend to appear, either in person or through counsel, at the Fairness Hearing." Long Form Notice (ECF 195-5) ("Notice") at 4.

[7] Mr. Gomez originally incorrectly claimed Class Administrator Gilardi & Co. ("Gilardi") does not provide a privacy policy. He now admits that the privacy policy is available on the case website. Smith Decl., Ex. 5 (*see* https://www.gilardi.com/privacy). Moreover, as detailed in the Smith Declaration, Gilardi has strong policies in place to protect Class Member data. *See id.* Mr. Gomez appears to withdraw his unsupported assertion that claims administrators allow attorneys to peruse data in one case to use in other cases. *See* Bernay Decl., Exhibit 7 (comparison of Objections and Amended Objections) at Objection 6. He also makes an objection regarding unclaimed property. Objection 10. Here, there is a specific *cy pres* recipient (the Crohn's & Colitis Foundation, or one or more other non-sectarian, not-for-profit, 501(c)(3) organization(s) approved by the Court) should there be funds remaining after distribution. ECF 202-1 at 4-5. Mr. Gomez's claim that the administrator will not properly administer uncashed checks is plainly baseless.

[8] Similarly, Mr. Gomez complains that "sometimes" electronic funds transfer companies reject payment. Objection 13. He provides no evidence of this and, in any event, this is a wholly theoretical problem.

6-20 business days for international first class mail).[9] Further, the current Amended Plan of Allocation contemplates claims will be paid electronically, thus further negating this objection.[10]

Mr. Gomez also takes issue with the timing of the claims process. Objection 1. But this is commonly how class action settlements are structured and, as he articulates no meaningful fault with this process, his objection should be rejected. *Polyurethane*, 168 F. Supp. 3d at 998-99 (objection denied where objector fails to state any "meaningful or serious faults" with claims administration process that demonstrates previously approved process is unreasonable). He also makes certain objections related to, for example, unclaimed property and the validity of checks. Objections 9 and 10. In Objection 9 he argues that checks should be valid for 180 days. To the extent checks are provided, there has been no specific determination regarding the valid period of any such checks, though, for other methods of distribution, the settlement contemplates payment validity for 180 days. To be consistent with the others, Plaintiffs agree that 180 days is a reasonable time period for any settlement check to remain valid.

In Objection 8, Mr. Gomez objects to the requirement that the claim form requests proof of purchases for expenditures of more than $1000. Contrary to Mr. Gomez's contention that this figure – which he wrongly calls a "claim limitation" – is arbitrary and capricious, requiring proof of purchase is common sense in addition to being standard practice in many class actions. "It is patently difficult to award damages to cash purchasers without proof of purchase, as these claims

---

[9]  U.S. Postal Service, https://www.stamps.com/usps/usps-delivery-times/ (last visited Jan. 5, 2023).

[10]  Objection 5 complains that a Tax Identification Number (*e.g.*, EIN or SSN) be provided. This is a standard means of identifying class members in class litigation. There is simply no intent to chill claims and should a claimant refuse to provide a Tax ID seeking answers either from counsel or by contacting the Claims Administrator prior to the claims submission deadline would likely have alleviated any of these concerns. Additionally, the code citation Mr. Gomez provides regarding the refusal to provide a Social Security number does not apply to this class action, as he seems to admit. *See also Polyurethane*, 168 F. Supp. 3d at 998-99 (rejecting objection to providing SSN).

would be ripe for abuse." *Rougvie v. Ascena Retail Grp., Inc.*, 2016 WL 4111320, at *15 (E.D. Pa. July 29, 2016).

In Objection 4, Mr. Gomez claims it is unclear how claims are calculated. But the claim form, Amended Plan of Allocation, and Notice all explain in detail how claims are calculated. The Amended Plan of Allocation, explains that Class Members who reside or have a principal place of business in a Selected State are in one category, and that Class Members who do not reside or have a principal place of business in a Selected State but who did indirectly purchase Remicade in a Selected State will be in a second category. A Class Member who does not reside or have a principal place of business in a Selected State and did not purchase Remicade in a Selected State will be in a third category. Assuming Mr. Gomez accurately described his purchases in Florida and assuming the purchases were made during the Class Period, his claim would likely have fallen under the second category. *See also* ECF 202-1, ¶5.

Objections 1 and 2 relate to the timing of the opt-out period and the claims-filing deadline. Neither argument is persuasive and the objections should be overruled. It is standard practice to have the opt out and claims period run before the date of the final approval hearing. *See e.g.*, *Rowe v. E.I. du Pont De Nemours & Co.*, 2011 WL 3837106, at *12-*13 (D.N.J Aug. 26, 2011) (opt out period prior to final approval); *Tenuto v. Transworld Sys.*, 2001 WL 1347235, at *2 (E.D. Pa. Oct. 31, 2001) ("A member of the class may opt out of the class at any time until thirty (30) days before the Final Approval Hearing."); *Mayer v. Driver Sols., Inc.*, 2012 WL 453234, at *3 (E.D. Pa. Feb. 13, 2012) (claims deadline months before final approval hearing).

Mr. Gomez's citations to Rule 23(e)(4) of the Federal Rules of Civil Procedure are misplaced. That provision only applies where the Court has previously certified a class under Rule 23(b)(3). In that circumstance, "the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to

request exclusion but did not do so." Fed. R. Civ. P. 23(e)(4).  The Court has only preliminarily approved a Class at this stage and thus Rule 23(e)(4) is not applicable.

Mr. Gomez also objects to the settlement amount.  Objection 7.  As a benchmark, he compares the total amount of Remicade sales (with no citation or source) to the settlement amount. This objection completely ignores the risks Plaintiffs faced in this litigation.  These risks were likely to increase as Plaintiffs moved to class certification and summary judgment.  The $25,000,000 settlement matches well with other indirect purchaser actions in the Third Circuit and beyond. Appendix A, ECF 172-2.  Moreover, total sales figures would not be the proper measure of damages. Instead, an overcharge amount would be calculated.  As detailed in a letter to the Court following the preliminary approval hearing, Plaintiffs' experts had not completed their damages analysis, but did have certain early damages calculations that Plaintiffs used to guide settlement discussions.

Objection 15 claims that the expenses appear to be too high and that there is no method to determine what the expenses consist of.  This is incorrect.  The fee and expense application (available on the website) details the categories of expenses incurred.  These expenses are standard and are not excessive.  Counsel in class actions "are entitled to reimbursement of expenses that were 'adequately documented and reasonable and appropriately incurred in the prosecution of the class action.'"  *In re Viropharma Inc. Sec. Litig.*, 2016 WL 312108, at *18 (E.D. Pa. Jan. 25, 2016) (quoting *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995)).

Mr. Gomez also contends that the fee request "appears to be a windfall." Objection 16.  This is not the case.  As Plaintiffs detail in their motion for final approval, the 28% fee request is lower than the amount that was in the notice and, critically, results in a negative lodestar. ECF 195-1 at 22. In the Notice, counsel stated that they would ask the Court to award attorneys' fees in an amount not to exceed one-third of the Settlement Fund.  *See* ECF 195-5 at 1. Counsel spent many years and thousands of hours (a total of 23,698.55 hours) litigating this action and while Mr. Gomez claims

- 8 -

there appears to be "bloat," he provides no backup for this assertion.[11]  As to Objection 17, Mr. Gomez incorrectly claims that the notice fails to provide any "real information" regarding the fees requested.  This is not true.  The notice explains the maximum amount of fees that could be sought and the settlement website contains declarations from Plaintiffs' counsel explaining and detailing the work done in the case.

Mr. Gomez also claims that information regarding the amount a claimant would receive is absent, but this number cannot be known until the administrator knows the number of claims received (and audits those claims).[12]

## IV.  CHANGES TO THE PLAN OF ALLOCATION AND DISTRIBUTION TO INCLUDE ILLINOIS AND MASSACHUSETTS HAVE RESULTED IN MORE CLAIMS BY CLASS MEMBERS

As the Court is aware, the Attorneys General of Massachusetts and Illinois previously moved to intervene to object to certain aspects of the Plan of Allocation and Distribution.  ECF 183.[13]  Plaintiffs and Defendants opposed the motion.  ECF 186.  Following a Court hearing in November, the parties worked together and developed an Amended Plan of Allocation and set an additional time

---

[11]  We note that neither Massachusetts nor Illinois expressed any objection to the settlement amount, the requested attorneys' fees or service awards.  *See* ECF 183 at 17.

[12]  Mr. Gomez also objects to the *pro hac vice* requirements.  Objection 19.  This is not something counsel would have any ability to change.  However, often courts will waive fees for *pro se* litigants.  Mr. Gomez's amended arguments regarding *pro hac vice* requirements are unsupported.  *See* Amended Objection 19.

[13]  Mr. Gomez claims he intends to file a motion "to vacate the Order of December 8 approving the extension for Illinois and Massachusetts residents." Bernay Decl., Ex. 6 at 1.  Any such motion would fail as the possibility of changes to the Plan of Allocation without notice was also specifically detailed in the Amended Plan of Allocation.  *See* ECF 172-5, ¶12; ECF 202-1, ¶12.  To the extent Mr. Gomez could have filed such a motion, it is untimely. Finally, his underlying claim that the extended period for certain Illinois and Massachusetts entities and residents to file a claim does not treat other class members unfairly.  *See Calibuso v. Bank of Am. Corp.*, 299 F.R.D. 359, 371 (E.D.N.Y. 2014) ("[T]he Court declines to assume that the differential treatment of Settlement Class Members in the state-law Settlement Subclasses indicates that Named Plaintiffs did not adequately represent the interests of all Settlement Class Members.").

4875-5519-9047.v1

period for entities and consumer Class Members in Illinois and consumer Class Members in Massachusetts to file claims. That extended period ended on December 27, 2022. During that period, a number of entities and consumers took advantage of the opportunity to file claims. In total 15 Illinois Third Party Payors ("TPPs") and 198 Illinois and Massachusetts consumers filed claims during the extended window. Smith Decl., ¶9.

## V.    MANY THOUSANDS OF CLAIMS HAVE BEEN SUBMITTED

Since the claims period opened, many thousands of claims have been received by the Claims Administrator. *Id.* While Gilardi has not yet audited and assessed all the claims, the response to the notice program appears significant. Claims have come in from across the county, from individuals with smaller dollar purchases to large TPPs with significant Remicade purchases. If the Court grants final approval, the Claims Administrator will further review and audit the claims and counsel will seek Court approval to distribute the settlement proceeds.

## VI.   CONCLUSION

Plaintiffs respectfully request the Court grant final approval of this settlement, approve the Amended Plan of Allocation, award the requested attorneys' fees and expenses, and approve service awards for the Plaintiffs.

Dated: January 9, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
DAVID W. MITCHELL
ALEXANDRA S. BERNAY
ARTHUR L. SHINGLER III


         s/ Alexandra S. Bernay
         ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
patc@rgrdlaw.com
davidm@rgrdlaw.com
xanb@rgrdlaw.com
ashingler@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDI D. BANDMAN
420 Lexington Avenue
New York, NY 10170
Telephone: 212/693-1058
randib@rgrdlaw.com

Class Counsel

MILLER SHAH LLP
JAMES C. SHAH (#80337)
JAYNE A. GOLDSTEIN (#48048)
NATALIE FINKELMAN BENNETT (#57197)
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: 610/891-9880
866-300-7367 (fax)
jcshah@millershah.com
jagoldstein@millershah.com
nfinkelman@millershah.com

Interim Liaison Counsel

- 11 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 9, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

           s/ Alexandra S. Bernay
           ALEXANDRA S. BERNAY

           ROBBINS GELLER RUDMAN
            & DOWD LLP
           655 West Broadway, Suite 1900
           San Diego, CA  92101-8498
           Telephone:  619/231-1058
           619/231-7423 (fax)

           Email:  xanb@rgrdlaw.com

# Mailing Information for a Case 2:17-cv-04326-KSM NATIONAL EMPLOYEES HEALTH PLAN v. JOHNSON & JOHNSON et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **SARA A. ARROW**
  sarrow@pbwt.com,mcolitigation@pbwt.com

- **GREGORY S. ASCIOLLA**
  gasciolla@dicellolevitt.com,8567571420@filings.docketbird.com,asaldana@dicellolevitt.com

- **RANDI D. BANDMAN**
  randib@rgrdlaw.com,susanm@rgrdlaw.com

- **THOMAS O. BARNETT**
  tbarnett@cov.com

- **ASHLEY E. BASS**
  abass@cov.com

- **NATALIE FINKELMAN BENNETT**
  nfinkelman@millershah.com,smoss@millershah.com,pleadings@millershah.com

- **ALEXANDRA S. BERNAY**
  xanb@rgrdlaw.com,e_file_sd@rgrdlaw.com,dwatts@rgrdlaw.com

- **JEFFREY CAO**
  jcao@cov.com

- **WILLIAM F. CAVANAUGH , JR**
  wfcavanaugh@pbwt.com,mcolitigation@pbwt.com

- **AUSTIN BLAIR COHEN**
  acohen@lfsblaw.com

- **PATRICK J. COUGHLIN**
  patc@rgrdlaw.com,susanm@rgrdlaw.com

- **FRANK T. DAVIS , JR**
  ftd@fbdlaw.com

- **Jim Davy**
  jimdavy@allriselaw.org,davesprout@windstream.net,jimdavy@gmail.com

- **ROSS E. ELFAND**
  relfand@whitecase.com,jdisanti@whitecase.com,mco@whitecase.com,ogierke@whitecase.com

- **EMMA ELLMAN-GOLAN**
  eellmangolan@pbwt.com

- **JOSEPH GOLDBERG**
  jg@fbdlaw.com,ftd@fbdlaw.com,sdr@fbdlaw.com,drt@fbdlaw.com,acs@fbdlaw.com,vjw@fbdlaw.com

- **JAYNE A. GOLDSTEIN**
  jagoldstein@millershah.com,pleadings@millershah.com

- **NICHOLAS T. HART**
  nick@harrisonhartlaw.com,carter@harrisonhartlaw.com

- **NATHANIEL J. HYMAN**
  Nathaniel.J.Hyman@mass.gov

- **LESLIE E. JOHN**
  john@ballardspahr.com,LitDocket_East@ballardspahr.com,omalleyLB@ballardspahr.com

- **JEFFREY F. KINKLE**
  jkinkle@pbwt.com

- **NOLAN C. KNIGHT**
  nknight@munsch.com,aberry@munsch.com

- **GEORGE A. LOBIONDO**
  globiondo@pbwt.com

- **ADEEL A. MANGI**
  aamangi@pbwt.com,mcolitigation@pbwt.com

- **ABIGAIL E. MARION**
  amarion@pbwt.com,mcolitigation@pbwt.com

- **CARMEN A. MEDICI**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com,e_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **DAVID W. MITCHELL**
  DavidM@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **BRIAN O. O'MARA**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **CHARLES R. PEIFER**
  cpeifer@peiferlaw.com,mjackson@peiferlaw.com,wboyd@peiferlaw.com,mlaforgelara@peiferlaw.com,igarcia@peiferlaw.com,charrison@peiferlaw.com

- **SCOTT E. PERWIN**
  sperwin@knpa.com,aneill@knpa.com,dwilliams@knpa.com,mmitchell@knpa.com

- **RICHARD S. SCHULTZ**
  Richard.Schultz@ilag.gov

- **ARTHUR L. SHINGLER , III**
  ashingler@rgrdlaw.com,slandry@rgrdlaw.com,e_file_sd@rgrdlaw.com,dwatts@rgrdlaw.com,ckopko@rgrdlaw.com

- **DENNIS STEWART**
  dstewart@gustafsongluek.com,DJakubauskiene@gustafsongluek.com

- **WHITNEY E. STREET**
  WhitneySt@hbsslaw.com,whitney-street-0082@ecf.pacerpro.com,jeff@blockesq.com

- **STEPHANIE TEPLIN**
  steplin@pbwt.com,mcolitigation@pbwt.com

- **VINCENT J. WARD**
  vjw@fbdlaw.com

- **CAROL WEILAND**
  cweiland@cov.com

- **ELIZABETH WINGFIELD**
  wingfielde@ballardspahr.com,elizabeth.victoria.wingfield@gmail.com

- **DANHUI XU**
  dxu@pbwt.com

- **Brian Matthew Yost**
  brian.yost@ilag.gov

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)