JGOMEZ
Apartado 11041-1000
Hyder AK 99923

SP 02    21664117

CLERK
US DISTRICT COURT
601 MARKET STREET
PHILADELPHIA PA 19106



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:  REMICADE ANTITRUST LITIGATION. | Civil Action No. 2:17-cv-04326-KSM |
| This Document Relates to: | **CLASS ACTION** |
| INDIRECT PURCHASER ACTIONS. | |

**MOTION FOR RECONSIDERATION OF ORDER
DATED DECEMBER 8, 2022[1]**

AND NOW COMES OBJECTOR Jose Gomez ("Gomez") and moves this Court to reconsider and/or amend its Order dated December 8, 2022:

1. The Attorney Generals for the states of Illinois and Massachusetts sought leave to intervene.

2. While this Court had the best intentions by facilitating a solution to their objections during the hearing on intervention, the problem is that the rest of the class members have been prejudiced through this procedure.

3. Specifically, at the time the "opt out" deadline expired, the settlement pool did not include 100% claims value for these large states, but included only a 1% valuation.

4. The Class received no notice or indication that the length of time would be extended solely for residents of two states while claimants from other states are barred from filing their claims late.  This appears to violate Rule 23(e)(2)(D) which requires that "the proposal treats class members equitably relative to each other."

---

[1] Class Counsel suggests that this motion for reconsideration will be untimely. There exists no time limit to move for reconsideration considering: (1) There exists no final judgment; (2) Class members were not given any advanced warning about the motion or modification to the terms of distribution, modification of the deadlines, or the special treatment given to residents of Illinois and Massachusetts.

5. Obviously, giving an advantage to residents of Illinois and Massachusetts with more time to file a claim, and increasing the percentage claimants from these states may receive AFTER the opt out period expired, necessarily means that the settlement fund is diluted with respect to the existing claimants.

6. Because of the dilution to the amounts that class members may be paid as a result of the modification favoring residents of Illinois and Massachusetts, some class members may want to opt out. However, the time to opt out already expired –which is the absurd result of forcing an opt out deadline before Class Members are told the final terms of the settlement and distribution.[2]

7. The dilution issue aside, as the Attorney Generals for Illinois and Massachusetts made clear, the notices provided and the claims filing deadlines in this case are relatively weak.

8. Yet this Court, without notice to the Class Members, fixed the problem for residents of states that have a proactive advocate while punishing residents of states with a less caring Attorney General (or, as in Gomez' case, persons who result outside of a state but bought the product in a repealer state).

9. This Court needs to reconsider its decision, vacate the Amended Order and modify it to extend the opt out period for the claim and extend the claims filing deadline for all claimants.

---

[2] This timing absurdity was outlined in Gomez' objections to the settlement generally, which is a routine problem in class action proceedings. In other words, it appears plainly objectionable for a person to have to decide whether to opt out or file a claim prior to knowing the final terms of the settlement. The actions by this Court and the parties proves the absurdity of the bad habit in class action cases. While Class Counsel points to this bad habit as being prevalent in class action cases, the fact that it is the *status quo* does not modify the inappropriate and absurd result. In other words, nothing is fair about having to decide to join or opt out of an agreement where the final terms are not yet defined.

WHEREFORE, this Court must reconsider its Order of December 8, 2022, and modify the terms thereof to extend the claims filing deadlines and opt out time period for claimants in all locations in a similar manner as extended for residents of Illinois and Massachusetts.[3]

Respectfully submitted,

*J Gomez*

_____

Jose Gomez
Apartado 11041-1000
San Juan SJ 10102
COSTA RICA
j.gomez@miserablemail.com

OBJECTOR

---

[3] Gomez further reiterates the ridiculousness of the claims payment being based on the resident's current location rather than the location where the claimant bought the product. The antitrust violation did not necessarily occur in the person's residence, but occurred where the person purchased the product. More importantly, the Court must ask itself: How is the person's <u>current</u> residence relevant when the antitrust violation took place at the location where the purchase occurred? This is a distinction with a difference. For example, Gomez purchased the medicine in Florida, a repealer state, but lives out of the United States presently. He would receive only a tiny payment compared to a person who lived in Florida but bought the product in a non-repealer state and should not be eligible to file a claim at all. In the case of Massachusetts and Illinois, the Court extended the time based on their residence and, again, not where they purchased the product. If a claimant lives near the border of Massachusetts and Rhode Island, purchased the product in Massachusetts and lived at the time in Massachusetts, but presently lives six minutes away in Rhode Island, he is barred from filing a claim and receives no benefit from the Amended Order even though he should have.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:  REMICADE ANTITRUST LITIGATION. | Civil Action No. 2:17-cv-04326-KSM |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS. | **CLASS ACTION** |

## ORDER

AND NOW, this ____ day of _____, 2023, upon consideration of the Motion for Reconsideration filed by Objector Jose Gomez, it is hereby ORDERED, ADJUDGED, and DECREED that said motion is GRANTED. The Order of December 8, 2022, is VACATED.  Class Counsel shall submit an Amended Order that provides an extended claims and opt out period for purchasers regardless of their location.  The claims filing and opt out deadline shall be extended until sixty (60) days after the Court issues final approval on the settlement.  Class Counsel shall cause the settlement website to be amended accordingly.

_____
United States District Judge

CERTIFICATE OF SERVICE

  Aside from myself, who has been denied ECF access without an Order of Court, all of the relevant parties requiring service are members of the Court's electronic filing system and will be notified of this motion at the time the Clerk of Court files it.

Respectfully submitted,

*J Gomez*

---

Jose Gomez
Apartado 11041-1000
San Juan SJ 10102
COSTA RICA
j.gomez@miserablemail.com

FIRST CLASS MAIL
POSTAGE PAID
MADISON WI
PERMIT NO 1480



U.S.M.S. X-RAY



RECEIVED JAN 27 2023

017 LFJ-AF2 19106