UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re REMICADE ANTITRUST LITIGATION | ) ) | Civil Action No. 2:17-cv-04326-KSM **(Consolidated)** |
| This Document Relates To: | ) ) ) | CLASS ACTION |
| INDIRECT PURCHASER ACTIONS. | ) ) ) | The Honorable Karen S. Marston |
| | ) | PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER DATED DECEMBER 8, 2022 |

4864-7227-2206.v1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. THE GOMEZ MOTION IS UNTIMELY ......................................................................1

III. THE GOMEZ MOTION IS SUBSTANTIVELY FLAWED............................................2

IV. MR. GOMEZ CONTINUES TO MAKE INCORRECT ASSERTIONS ..........................4

V. CONCLUSION................................................................................................................5

# TABLE OF AUTHORITIES

Page

**CASES**

*Bhatnagar v. Surrendra Overseas Ltd.*,
    52 F.3d 1220 (3d Cir. 1995) ................................................................................................. 3

*Carson v. Tucker*,
    2021 WL 1018757 (E.D. Pa. Mar. 17, 2021) ........................................................................ 1

*Jarzyna v. Home Props., L.P.*,
    185 F. Supp. 3d 612 (E.D. Pa. 2016)
    *aff'd*, 783 F. App'x 223 (3d Cir. 2019) ................................................................................. 3

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999) ................................................................................................. 2

*Rougvie v. Ascena Retail Grp., Inc.*,
    2016 WL 4111320 (E.D. Pa. July 29, 2016) ........................................................................ 4

*Trs. of the Gen. Assembly of the Lord Jesus Christ of the
    Apostolic Faith, Inc. v. Patterson*,
    2022 WL 16944000 (E.D. Pa. Nov. 14, 2022) ..................................................................... 2

*Weitzner v. Sanofi Pasteur Inc.*,
    909 F.3d 604 (3d Cir. 2018) ................................................................................................. 2

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 23(e)(2)(D) ................................................................................................................... 3

Massachusetts General Laws
    Chapter 93A .......................................................................................................................... 3

Local Rules of Civil Procedure for the Eastern District of Pennsylvania
    Rule 7.1(g) ............................................................................................................................ 1

I.     INTRODUCTION

Under the Local Rules of Civil Procedure for the Eastern District of Pennsylvania ("Local Rules"), "[m]otions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e)." *See* E.D. Pa. Civ. R. 7.1(g).  On January 27, 2023, **50 days** after the Court's December 8, 2022 Order approving the Amended Plan of Allocation and Distribution ("Amended Plan of Allocation") (ECF 204), objector Jose Gomez sought reconsideration.  ECF 211.  Mr. Gomez's motion is untimely and, even if it had been filed within the allowed period to seek reconsideration, his motion is baseless and must be overruled.  Mr. Gomez, the sole objector to the proposed settlement in this action, continues to make incorrect statements regarding this action in his various filings, including in his request for leave to obtain ECF access (ECF 213).  While Plaintiffs have no issue with Mr. Gomez receiving ECF access, his various misstatements regarding the action he makes in that filing, are also addressed herein.

II.    THE GOMEZ MOTION IS UNTIMELY

As noted above, motions for reconsideration must be served and filed within 14 days after entry of the order concerned.  "Rule 7.1(g) states, in no uncertain terms, that the fourteen-day period for filing a motion for reconsideration runs from the date of 'the entry of the order concerned . . .'" *Carson v. Tucker*, 2021 WL 1018757, at *2 (E.D. Pa. Mar. 17, 2021); *see* E.D. Pa. Civ. R. 7.1(g).[1]  The Order concerned in this matter was entered by this Court on December 8, 2022.  ECF 204.  Thus, any motion for reconsideration was due on or before December 22, 2022.  "Accordingly, under the plain language of Rule 7.1(g), the motion is far from timely." *Carson*, 2021 WL 1018757, at *2.

---

[1]    Citations are omitted unless otherwise stated.

That Mr. Gomez is proceeding *pro se* provides no basis to ignore the Local Rules here. This Court recently held untimely a motion by a *pro se* litigant when filed 30 days after the subject order. *See Trs. of the Gen. Assembly of the Lord Jesus Christ of the Apostolic Faith, Inc. v. Patterson*, 2022 WL 16944000, at *6 (E.D. Pa. Nov. 14, 2022) (Marston, J.). This result is well within the Court's authority. "It is beyond question that [a] District Court has the authority to strike filings that fail to comply with its local rules." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018).

Mr. Gomez claims that there "exists no time limit to move for reconsideration" based on the lack of a final judgment and his argument that Class members were not given "advanced warning" regarding changes to the Plan of Allocation and Distribution ("Plan of Allocation"). ECF 211 at 1 n.1. Mr. Gomez is wrong. The Local Rules are plainly applicable and, as detailed below, notice to the Class is not required in order to amend the Plan of Allocation.

## III.    THE GOMEZ MOTION IS SUBSTANTIVELY FLAWED

"Before altering or amending a prior decision, courts in this Circuit require the moving party to show '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion []; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Patterson*, 2022 WL 16944000, at *6 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Mr. Gomez has provided no evidence of a change in controlling law, no thing regarding the availability of new evidence, nor has he demonstrated the need to correct a clear error of fact or law to prevent injustice. Instead, he incorrectly claims that notice was required to the entire Class prior to the Court amending the Plan of Allocation and makes the same misguided arguments he raised in his objection to the settlement.[2]

---

[2]   Mr. Gomez raised the prospect of bringing this untimely and flawed motion to reconsider in his amended objections filed just before Plaintiffs' reply in support of final approval was filed on

- 2 -

Mr. Gomez cites to Rule 23(e)(2)(D) of the Federal Rules of Civil Procedure to support his argument, but Class members here are treated equitably relative to one another, with a recognition that some Class members purchased Remicade in states that do not have *Illinois Brick* repealer statutes and others do reside in repealer states as set forth fully in Plaintiffs' final approval motion and supporting papers.[3]  *See* ECF 195-1 at 18-21.

Moreover, his argument that the Class must receive notice regarding the amendment to the Plan of Allocation is incorrect.  The original Plan of Allocation, which the Court preliminarily approved in August 2022, makes clear that "[t]he Court may approve this Plan of Allocation as proposed or it may amend or modify the Plan of Allocation without further notice to the Settlement Class."  *See* ECF 172-5, ¶12.  Further, the Plan of Allocation provides that "[a]ny orders regarding any amendment or modification of the Plan of Allocation will be posted on www.RemicadeSettlement.com."  *Id*.  Class Counsel, working with the Class Administrator, posted the Amended Plan of Allocation on the website, where it is readily available.

Far from raising changes to existing law or new evidence, Mr. Gomez restates several of his prior objections.  This is improper.  "[A] motion for reconsideration may not be used to give a litigant a 'second bite at the apple.'"  *Jarzyna v. Home Props., L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)), *aff'd*, 783 F. App'x 223 (3d Cir. 2019).  For example, Mr. Gomez again complains about the timing of the

---

January 9, 2023.  In that reply, Plaintiffs also explained (as we do again here) that his threatened motion was procedurally and substantively flawed.  *See* ECF 207 at 9 n.13.

[3]  Mr. Gomez's focus on Illinois and Massachusetts as requiring any nationwide revisions to the Plan of Allocation is unavailing.  First, no other state's Attorney General appeared in any capacity.  Second, these states are uniquely situated among the Selected States.  Illinois is a repealer state, with a limitation on class actions and the involvement of that State's Attorney General allowed for approval of the Amended Plan of Allocation.  Additionally, while Massachusetts is not a repealer state, due to a unique aspect of its consumer law, Massachusetts consumers may assert what are effectively end-payer antitrust claims under Massachusetts General Laws chapter 93A.

4864-7227-2206.v1

opt-out period and the claims-filing deadline. *See* ECF 211, ¶¶6-9 at 2 n.2. He even admits that he has previously made the same argument in his objection. *See id.* at 2 n.2.[4]

### IV. MR. GOMEZ CONTINUES TO MAKE INCORRECT ASSERTIONS

Mr. Gomez again wrongly states that the planned structure for paying claims is based on the resident's current location. *See* ECF 211 at 3 n.3. Plaintiffs do not understand why Mr. Gomez continues to make this incorrect assertion. "The Amended Plan of Allocation makes clear that it is the site of purchase that matters and there is no penalty or relevance to place of current residency. *See* Amended Plan of Allocation, ¶5." ECF 207 at 4. His hypothetical concerns regarding the state of residency are misplaced.

He also repeats in his Motion for Leave to Obtain ECF Access (ECF 213) his argument regarding the requirement of proof of purchase for expenditures of more than $1000. As Plaintiffs detailed, this requirement is a common sense precaution. "It is patently difficult to award damages to cash purchasers without proof of purchase, as these claims would be ripe for abuse." *Rougvie v. Ascena Retail Grp., Inc.*, 2016 WL 4111320, at *15 (E.D. Pa. July 29, 2016).

---

[4] Mr. Gomez complains about the timing of the opt-out period, but his argument is particularly weak in this case where not a single entity has sought to opt out. Mr. Gomez's proposed "fix" is to extend the opt-out period and the claims-filing deadline, but the period for filing claims in this action was well within standard practice and a significant number of claims were filed during the original and extended period. *See* ECF 207 at 10. The added administrative costs that Mr. Gomez wants to impose on the Class in exchange for the possibility of additional claims is not supported here.

- 5 -

## V. CONCLUSION

Mr. Gomez's motion for reconsideration is untimely and fatally flawed. The Court should deny his request to extend the opt-out and claims-filing deadline.

Dated:  February 2, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID W. MITCHELL
ALEXANDRA S. BERNAY
ARTHUR L. SHINGLER III


       s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
davidm@rgrdlaw.com
xanb@rgrdlaw.com
ashingler@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDI D. BANDMAN
420 Lexington Avenue
New York, NY  10170
Telephone:  212/693-1058
randib@rgrdlaw.com

Class Counsel

- 6 -

MILLER SHAH LLP
JAMES C. SHAH (#80337)
JAYNE A. GOLDSTEIN (#48048)
NATALIE FINKELMAN BENNETT (#57197)
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: 610/891-9880
866-300-7367 (fax)
jcshah@millershah.com
jagoldstein@millershah.com
nfinkelman@millershah.com

Interim Liaison Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on February 2, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  xanb@rgrdlaw.com

# Mailing Information for a Case 2:17-cv-04326-KSM NATIONAL EMPLOYEES HEALTH PLAN v. JOHNSON & JOHNSON et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **SARA A. ARROW**
  sarrow@pbwt.com,mcolitigation@pbwt.com

- **GREGORY S. ASCIOLLA**
  gasciolla@dicellolevitt.com,8567571420@filings.docketbird.com,asaldana@dicellolevitt.com

- **RANDI D. BANDMAN**
  randib@rgrdlaw.com,susanm@rgrdlaw.com

- **THOMAS O. BARNETT**
  tbarnett@cov.com

- **ASHLEY E. BASS**
  abass@cov.com

- **NATALIE FINKELMAN BENNETT**
  nfinkelman@millershah.com,smoss@millershah.com,pleadings@millershah.com

- **ALEXANDRA S. BERNAY**
  xanb@rgrdlaw.com,e_file_sd@rgrdlaw.com,dwatts@rgrdlaw.com

- **JEFFREY CAO**
  jcao@cov.com

- **WILLIAM F. CAVANAUGH , JR**
  wfcavanaugh@pbwt.com,mcolitigation@pbwt.com

- **AUSTIN BLAIR COHEN**
  acohen@lfsblaw.com

- **PATRICK J. COUGHLIN**
  pcoughlin@scott-scott.com,susanm@rgrdlaw.com

- **FRANK T. DAVIS , JR**
  ftd@fbdlaw.com

- **Jim Davy**
  jimdavy@allriselaw.org,davesprout@windstream.net,jimdavy@gmail.com

- **ROSS E. ELFAND**
  relfand@whitecase.com,jdisanti@whitecase.com,mco@whitecase.com,ogierke@whitecase.com

- **EMMA ELLMAN-GOLAN**
  eellmangolan@pbwt.com

- **JOSEPH GOLDBERG**
  jg@fbdlaw.com,ftd@fbdlaw.com,sdr@fbdlaw.com,drt@fbdlaw.com,acs@fbdlaw.com,vjw@fbdlaw.com

- **JAYNE A. GOLDSTEIN**
  jagoldstein@millershah.com,pleadings@millershah.com

- **JOSE GOMEZ**
  j.gomez@miserablemail.com

- **NICHOLAS T. HART**
  nick@harrisonhartlaw.com,carter@harrisonhartlaw.com

- **NATHANIEL J. HYMAN**
  Nathaniel.J.Hyman@mass.gov

- **LESLIE E. JOHN**
  john@ballardspahr.com,LitDocket_East@ballardspahr.com,omalleyLB@ballardspahr.com

- **JEFFREY F. KINKLE**
  jkinkle@pbwt.com

- **NOLAN C. KNIGHT**
  nknight@munsch.com,aberry@munsch.com

- **GEORGE A. LOBIONDO**
  globiondo@pbwt.com

- **ADEEL A. MANGI**
  aamangi@pbwt.com,mcolitigation@pbwt.com

- **ABIGAIL E. MARION**
  amarion@pbwt.com,mcolitigation@pbwt.com

- **DAVID W. MITCHELL**
  DavidM@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **CHARLES R. PEIFER**
  cpeifer@peiferlaw.com,mjackson@peiferlaw.com,wboyd@peiferlaw.com,mlaforgelara@peiferlaw.com,igarcia@peiferlaw.com,charrison@peiferlaw.com

- **SCOTT E. PERWIN**
  sperwin@knpa.com,aneill@knpa.com,dwilliams@knpa.com,mmitchell@knpa.com

- **RICHARD S. SCHULTZ**
  Richard.Schultz@ilag.gov

- **ARTHUR L. SHINGLER , III**
  ashingler@rgrdlaw.com,slandry@rgrdlaw.com,e_file_sd@rgrdlaw.com,dwatts@rgrdlaw.com,ckopko@rgrdlaw.com

- **DENNIS STEWART**
  dstewart@gustafsongluek.com,DJakubauskiene@gustafsongluek.com

- **WHITNEY E. STREET**
  WhitneySt@hbsslaw.com,whitney-street-0082@ecf.pacerpro.com,jeff@blockesq.com

- **STEPHANIE TEPLIN**
  steplin@pbwt.com,mcolitigation@pbwt.com

- **VINCENT J. WARD**
  vjw@fbdlaw.com

- **CAROL WEILAND**
  cweiland@cov.com

- **ELIZABETH WINGFIELD**
  wingfielde@ballardspahr.com,elizabeth.victoria.wingfield@gmail.com

- **DANHUI XU**
  dxu@pbwt.com

- **Brian Matthew Yost**
  brian.yost@ilag.gov

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`