IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE REMICADE ANTITRUST LITIGATION | CIVIL ACTION<br><br>NO. 17-4326-KSM |

## ORDER

**AND NOW**, this 15th day of March, 2023, upon consideration of Plaintiffs' Motion for Final Approval of Settlement, Award of Attorneys' Fees and Expenses, and Service Awards (Doc. No. 195), and all documents submitted in support thereof, it is **ORDERED** as follows:

1. Plaintiffs' motion is **GRANTED** for the reasons set forth in the accompanying Memorandum.

2. The Court certifies the following settlement class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> All persons and entities in the United States and its territories who indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price of Defendants' infliximab from April 5, 2016 through February 28, 2022 (the "Class Period").
>
> The following groups are excluded from the Class:
>
> (a) Defendants, their officers, directors, management, employees, subsidiaries and affiliates; (b) all federal and state governmental entities except for cities, towns or municipalities with self-funded prescription drug plans; (c) all persons or entities who purchased Defendants' infliximab for purposes of resale or who purchased infliximab directly from Defendants; (d) fully insured health plans (*i.e.*, health plans that purchased insurance covering 100% of their reimbursement obligation to members); (e) any "flat co-pay" consumers whose purchases of Defendants' infliximab were paid in part by a third-party payor and whose co-payment was the same regardless of the retail purchase price; (f) pharmacy benefit managers; (g) any judges or justices involved in this Action and any members of their immediate families; and (h) any providers (including but not limited to hospitals, clinics, and physicians) who purchase Remicade and are later reimbursed for the provision of Remicade.

3. The Court finds that the Notice Plan and the Notice constituted the best notice practicable under the circumstances and constituted valid, due, and sufficient notice to members of the Settlement Class.

4. Pursuant to Federal Rule of Civil Procedure 23(e) and the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), the Court finds the Settlement is fair, reasonable, and adequate and **APPROVES** the Settlement.

5. Jose Gomez's objections (Doc. Nos. 206, 207) are **OVERRULED**.

6. As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class Members may have against all the Released Persons.

7. The Court **AWARDS** Class Counsel **$7,000,000** in attorneys' fees, which the Court finds are fair and reasonable based on the Court's independent analysis and consideration of the factors set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) and *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 338 (3d Cir. 1998).

8. The Court **AWARDS** Class Counsel **$2,288,388.90** in out-of-pocket expenses incurred in the prosecution of this action, which the Court finds are fair and reasonable.

9. The Court **AWARDS** National Employees Health Plan **$15,000.00** as a Class Representative service award.

10. The Court **AWARDS** Local 295 Employer Group Welfare Fund **$15,600.00** as a Class Representative service award.

11. This matter is **DISMISSED WITH PREJUDICE**. The Court maintains jurisdiction over the enforcement of the Settlement.

**IT IS SO ORDERED.**

/s/ *Karen Spencer Marston*

_____
KAREN SPENCER MARSTON, J.