UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re REMICADE ANTITRUST LITIGATION ) | Civil Action No. 2:17-cv-04326-KSM |
| ) | **(Consolidated)** |
| ) | |
| This Document Relates To: ) | <u>CLASS ACTION</u> |
| ) | |
| INDIRECT PURCHASER ACTIONS. ) | The Honorable Karen S. Marston |
| ) | |
| | PLAINTIFFS' RESPONSE IN OPPOSITION TO UNTIMELY MOTION PURSUANT TO F.R.A.P. 4(a)(5)(A) FOR EXTENSION OF TIME TO APPEAL |

4879-8555-0430.v1

On March 15, 2023, the Court granted final approval to the settlement in this action and entered its Order granting the same. *See* Order (ECF 227). Under the Federal Rules of Appellate Procedure, the Court's entry of the Order started the clock for filing any notice of appeal. The 30-day period ended on April 14, 2023. Fed. R. App. P. 4(a)(1)(A).

On April 17, 2023, objector Jose Gomez ("Objector Gomez") filed a Praecipe for Judgment (ECF 230) requesting that the Court enter a "final, appealable judgment pursuant to Rule 58(a)." *Id.* On April 18, 2023, Plaintiffs Local 295 IBT Employer Group Welfare Fund and National Employees Health Plan ("Plaintiffs") objected to his untimely and legally insufficient "request." Plaintiffs' Response in Opposition to Praecipe for Judgment (ECF 231) ("Plaintiffs' Opposition"). That same evening Objector Gomez filed additional documents with the Court. One purported to be a "reply" in support of his Praecipe and the other a motion for an extension of time to appeal. *See* Reply in Support of the Praecipe for Judgment (ECF 232); Motion Pursuant to F.R.A.P. 4(a)(5)(A) for Extension of Time to Appeal (ECF 233).

These additional filings further demonstrate that Objector Gomez has missed the deadline to file a notice of appeal and has shown no basis to grant any of the relief he seeks. The Court's entry of the March 15, 2023 Order (ECF 227) was the relevant event for purposes of the timing for any notice of appeal. "The time for filing a notice of appeal . . . runs from the date the order was entered." *Grossberger v. Ruane*, 491 F. App'x 309, 310 n.1 (3rd Cir. 2012).[1] As Plaintiffs noted, at any time after March 15, 2023 Objector Gomez could have sought clarification from Plaintiffs or the Court regarding the date any notice of appeal was due. Rather than seeking clarification, however, he waited until *after* the deadline for any notice of appeal to be filed and has sought relief to which he is not entitled. Now seemingly realizing that he was incorrect regarding his views on what

---

[1]   Citations are omitted unless otherwise stated.

constitutes an appealable order, he belatedly seeks an extension. The Court should deny this untimely request.

Federal Rule of Appellate Procedure 4(a)(5)(A) provides that the "district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).[2]

Objector Gomez did not request an extension until after the expiration of the appeal period and thus his "request for an extension was untimely under the Rule 4(a)(5)(A)(i)." *Grant v. Revera Inc./Revera Health Sys.*, 655 F. App'x 914, 917 (3rd Cir. 2016). As in *Grant*, Objector Gomez has "shown neither good cause nor excusable neglect, in that [he] offered no explanation for why [he] did not file a notice of appeal within the required time, provided no facts to support [his] request for an extension, and had filed frivolous motions for reconsideration." *Id*.

Objector Gomez makes a claim that he "verily believed" the Court would enter a final judgment (ECF 233) but provides no reason why this belief caused him to miss the clear deadline to file an appeal. This "belief" is insufficient and appears to be contradicted by his failure to seek any clarification regarding deadlines despite commenting in other filings of his stated plans to appeal. *See* Motion for Leave to Obtain ECF Access (ECF 213), ¶14; *see also Serfess v. Equifax Credit Info. Serv., LLC*, 692 F. App'x 102, 103 (3rd Cir. 2017); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"). Even taking into account equitable considerations, Objector Gomez's requested relief should be denied. As detailed in Plaintiffs'

---

[2] Further, his claim that the appeals court will "remand for entry of a final Order that will delay everyone" (ECF 233) is legally flawed as the Court has in fact entered a final Order. ECF 227. *See* discussion at ECF 231.

constitutes an appealable order, he belatedly seeks an extension. The Court should deny this untimely request.

Federal Rule of Appellate Procedure 4(a)(5)(A) provides that the "district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).[2]

Objector Gomez did not request an extension until after the expiration of the appeal period and thus his "request for an extension was untimely under the Rule 4(a)(5)(A)(i)." *Grant v. Revera Inc./Revera Health Sys.*, 655 F. App'x 914, 917 (3rd Cir. 2016). As in *Grant*, Objector Gomez has "shown neither good cause nor excusable neglect, in that [he] offered no explanation for why [he] did not file a notice of appeal within the required time, provided no facts to support [his] request for an extension, and had filed frivolous motions for reconsideration." *Id*.

Objector Gomez makes a claim that he "verily believed" the Court would enter a final judgment (ECF 233) but provides no reason why this belief caused him to miss the clear deadline to file an appeal. This "belief" is insufficient and appears to be contradicted by his failure to seek any clarification regarding deadlines despite commenting in other filings of his stated plans to appeal. *See* Motion for Leave to Obtain ECF Access (ECF 213), ¶14; *see also Serfess v. Equifax Credit Info. Serv., LLC*, 692 F. App'x 102, 103 (3rd Cir. 2017); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"). Even taking into account equitable considerations, Objector Gomez's requested relief should be denied. As detailed in Plaintiffs'

---

[2] Further, his claim that the appeals court will "remand for entry of a final Order that will delay everyone" (ECF 233) is legally flawed as the Court has in fact entered a final Order. ECF 227. *See* discussion at ECF 231.

Opposition filed on April 18, 2023, the factors to consider when determining whether neglect is excusable, all tilt in favor of denial of Objector Gomez's untimely request.  ECF 231.

Because Objector Gomez has failed in all respects to show why his untimely request for an extension should be granted, his request should be denied.

DATED:  April 19, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　ROBBINS GELLER RUDMAN
　　　　　　　　　　　　　　　　　　　　 & DOWD LLP
　　　　　　　　　　　　　　　　　　　　DAVID W. MITCHELL
　　　　　　　　　　　　　　　　　　　　ALEXANDRA S. BERNAY
　　　　　　　　　　　　　　　　　　　　ARTHUR L. SHINGLER III


　　　　　　　　　　　　　　　　　　　　          s/ Alexandra S. Bernay
　　　　　　　　　　　　　　　　　　　　ALEXANDRA S. BERNAY

　　　　　　　　　　　　　　　　　　　　655 West Broadway, Suite 1900
　　　　　　　　　　　　　　　　　　　　San Diego, CA  92101
　　　　　　　　　　　　　　　　　　　　Telephone:  619/231-1058
　　　　　　　　　　　　　　　　　　　　619/231-7423 (fax)
　　　　　　　　　　　　　　　　　　　　davidm@rgrdlaw.com
　　　　　　　　　　　　　　　　　　　　xanb@rgrdlaw.com
　　　　　　　　　　　　　　　　　　　　ashingler@rgrdlaw.com

- 4 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDI D. BANDMAN
420 Lexington Avenue
New York, NY  10170
Telephone:  212/693-1058
randib@rgrdlaw.com

Class Counsel

MILLER SHAH LLP
JAMES C. SHAH (#80337)
JAYNE A. GOLDSTEIN (#48048)
NATALIE FINKELMAN BENNETT (#57197)
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: 610/891-9880
866-300-7367 (fax)
jcshah@millershah.com
jagoldstein@millershah.com
nfinkelman@millershah.com

Interim Liaison Counsel

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 19, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

               s/ Alexandra S. Bernay
               ALEXANDRA S. BERNAY

               ROBBINS GELLER RUDMAN
                & DOWD LLP
               655 West Broadway, Suite 1900
               San Diego, CA  92101-8498
               Telephone:  619/231-1058
               619/231-7423 (fax)

               Email:  xanb@rgrdlaw.com

4879-8555-0430.v1

# Mailing Information for a Case 2:17-cv-04326-KSM NATIONAL EMPLOYEES HEALTH PLAN v. JOHNSON & JOHNSON et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **SARA A. ARROW**
  sarrow@pbwt.com,mcolitigation@pbwt.com

- **GREGORY S. ASCIOLLA**
  gasciolla@dicellolevitt.com,8567571420@filings.docketbird.com,asaldana@dicellolevitt.com

- **RANDI D. BANDMAN**
  randib@rgrdlaw.com,susanm@rgrdlaw.com

- **THOMAS O. BARNETT**
  tbarnett@cov.com

- **ASHLEY E. BASS**
  abass@cov.com

- **NATALIE FINKELMAN BENNETT**
  nfinkelman@millershah.com,smoss@millershah.com,pleadings@millershah.com

- **ALEXANDRA S. BERNAY**
  xanb@rgrdlaw.com,e_file_sd@rgrdlaw.com,dwatts@rgrdlaw.com

- **JEFFREY CAO**
  jcao@cov.com

- **WILLIAM F. CAVANAUGH , JR**
  wfcavanaugh@pbwt.com,mcolitigation@pbwt.com

- **AUSTIN BLAIR COHEN**
  acohen@lfsblaw.com

- **FRANK T. DAVIS , JR**
  ftd@fbdlaw.com

- **Jim Davy**
  jimdavy@allriselaw.org,davesprout@windstream.net,jimdavy@gmail.com

- **ROSS E. ELFAND**
  relfand@whitecase.com,jdisanti@whitecase.com,mco@whitecase.com,ogierke@whitecase.com

- **EMMA ELLMAN-GOLAN**
  eellmangolan@pbwt.com

- **JOSEPH GOLDBERG**
  jg@fbdlaw.com,ftd@fbdlaw.com,sdr@fbdlaw.com,drt@fbdlaw.com,acs@fbdlaw.com,vjw@fbdlaw.com

- **JAYNE A. GOLDSTEIN**
  jagoldstein@millershah.com,pleadings@millershah.com

- **JOSE GOMEZ**
  j.gomez@miserablemail.com

- **NICHOLAS T. HART**
  nick@harrisonhartlaw.com,carter@harrisonhartlaw.com

- **NATHANIEL J. HYMAN**
  Nathaniel.J.Hyman@mass.gov

- **LESLIE E. JOHN**
  john@ballardspahr.com,LitDocket_East@ballardspahr.com,omalleyLB@ballardspahr.com

- **JEFFREY F. KINKLE**
  jkinkle@pbwt.com

- **NOLAN C. KNIGHT**
  nknight@munsch.com,aberry@munsch.com

- **GEORGE A. LOBIONDO**
  globiondo@pbwt.com

- **ADEEL A. MANGI**
  aamangi@pbwt.com,mcolitigation@pbwt.com

- **ABIGAIL E. MARION**
  amarion@pbwt.com,mcolitigation@pbwt.com

- **DAVID W. MITCHELL**
  DavidM@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **CHARLES R. PEIFER**
  cpeifer@peiferlaw.com,mjackson@peiferlaw.com,wboyd@peiferlaw.com,mlaforgelara@peiferlaw.com,igarcia@peiferlaw.com,charrison@peiferlaw.com

- **SCOTT E. PERWIN**
  sperwin@knpa.com,aneill@knpa.com,dwilliams@knpa.com,mmitchell@knpa.com

- **RICHARD S. SCHULTZ**
  Richard.Schultz@ilag.gov

- **ARTHUR L. SHINGLER , III**
  ashingler@rgrdlaw.com,slandry@rgrdlaw.com,e_file_sd@rgrdlaw.com,dwatts@rgrdlaw.com,ckopko@rgrdlaw.com

- **DENNIS STEWART**
  dstewart@gustafsongluek.com,DJakubauskiene@gustafsongluek.com

- **WHITNEY E. STREET**
  WhitneySt@hbsslaw.com,whitney-street-0082@ecf.pacerpro.com,jeff@blockesq.com

- **STEPHANIE TEPLIN**
  steplin@pbwt.com,mcolitigation@pbwt.com

- **VINCENT J. WARD**
  vjw@fbdlaw.com

- **CAROL WEILAND**
  cweiland@cov.com

- **ELIZABETH WINGFIELD**
  wingfielde@ballardspahr.com,elizabeth.victoria.wingfield@gmail.com

- **DANHUI XU**
  dxu@pbwt.com

- **Brian Matthew Yost**
  brian.yost@ilag.gov

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`