IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE REMICADE ANTITRUST LITIGATION | CIVIL ACTION<br><br>No. 17-cv-04326 |

**MEMORANDUM**

**MARSTON, J.**                                                                                                   **April 20, 2023**

   This is a consolidated, putative class indirect-purchaser antitrust action in which Named Plaintiffs Local 295 Employer Group Welfare Fund and National Employees Health Plan allege that Defendants Johnson & Johnson and Janssen Biotech, Inc. engaged in anticompetitive conduct related to their infliximab biologic, Remicade, in violation of federal and state antitrust laws and state consumer protection laws.  On March 15, 2023, the Court granted final approval of the settlement and dismissed the action.  (Doc. Nos. 226, 227.)  In doing so, it issued a 58-page Memorandum (Doc. No. 226) and 2-page Order (Doc. No. 227).

   Presently before the Court is *pro se* Objector Jose Gomez's Praecipe for Entry of Judgment Pursuant to Rule 58 (Doc. Nos. 230, 232) and Motion for Extension of Time to File Notice of Appeal Per Rule 4(a)(5)(A)(ii) (Doc. No. 233).  For the reasons discussed below, the Court finds that its March 15, 2023 Order constituted a separate document for purposes of Federal Rule of Civil Procedure 58 and therefore denies Gomez's Praecipe.  The Court also denies Gomez's motion for an extension of time.

 **I.** **Discussion**

  **A.** *Entry of Judgment under Rule 58*

   On April 17, 2023, Gomez filed a Praecipe for Entry of Judgment per Rule 58, in which he requested that the Clerk of Court "enter a final, appealable judgment pursuant to Rule 58(a)

following this Court's Order at entry 227." (Doc. No. 230.)  In his reply, Gomez argued that the Order the Court entered on March 15, 2023 (Doc. No. 227) was "not a judgment."  (*See* Doc. No. 232.)

Under Federal Rule of Civil Procedure 58(a), "[e]very judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a).  The Third Circuit has "held that an order's denomination as an 'order,' rather than a 'judgment,' does not mean that it fails to satisfy the separate document requirement." *In re Cendant Corp. Secs. Litig.*, 454 F.3d 235, 241 (3d Cir. 2006) (internal quotation marks and citations omitted).  "[A]n order will be treated as a separate document if it meets three criteria:  first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims." *Id.*

The Court's March 15, 2023 Order (Doc. No. 227) complies with each of these requirements.  First, it is self-contained; it was docketed separately from the Court's Memorandum, captioned and titled separately, and contained its own pagination.  (*Compare* Doc. No. 226 (Memorandum), *with* Doc. No. 227 (Order).)  *See DLJ Mortg. Capital, Inc. v. Sheridan*, 975 F.3d 358, 364–65 (3d Cir. 2020) ("We have said that to be independent of the Court's opinion, an order must be separately titled and captioned, not paginated consecutively to the opinion or memorandum, not stapled or otherwise attached to the opinion, and must be docketed separately." (cleaned up)).  Second, the Order notes what relief is granted.  Specifically, the Court granted Plaintiffs' motion for Final Approval of Settlement, Award of Attorneys' Fees and Expenses, and Service Awards; certified the Settlement Class; concluded that the Notice Plan and Notice constituted the best notice practicable under the circumstances

and constituted sufficient and valid notice; approved the Settlement as fair, reasonable, and adequate; overruled Gomez's objections; awarded class counsel attorneys' fees and costs; awarded named Plaintiffs' service awards; and dismissed the matter with prejudice. (*See* Doc. No. 227.)  Third, the Order omitted (or substantially omitted) its reasoning.  This is buttressed by the fact that the Memorandum was **58** pages, while the Order was only **2** pages.  *Cf. Parker v. Pa. Bd. of Probation & Parole*, 798 F. App'x 701, 704 (3d Cir. 2020) ("As far as legal reasoning, the conclusory statements contained in the footnote summarily adopt the Magistrate Judge's six-page Report and Recommendation, which provided a complete analysis of Parker's constitutional claims.  Standing alone, but especially in comparison to that Report and Recommendation, the footnote in the District Court's order is best described as substantially omitting legal reasoning, and that suffices to meet the third criterion.").  The Order does not include any factual findings or procedural history.  Nor does it include any extended legal analysis.[1]

     For these reasons, the Court finds that the March 15, 2023 Order constituted a separate document for purposes of Rule 58 and denies Gomez's request for entry of a separate judgment.  *Contra Lieberman v. Lowes Home Improvement*, No. 21-2440, 2022 WL 964009, at *1 (3d Cir. Mar. 30, 2022) ("Here, the District Court's orders did not separate reasoning and the judgment into different documents.  Instead, the District Court docketed a single three-page order that included a factual and procedural background, legal discussion, and a series of paragraph orders disposing of Lieberman's case.  The order contains one caption and one signature line at the end of the document, and is consecutively paginated.  Therefore, the court's order is not self-

---

[1] At most, the Order cites to three cases in passing, without any exposition or discussion. (*See* Doc. No. 227 at ¶¶ 4, 7.)

contained and does not omit the court's reasoning, and thus does not comply with the separate-document rule."); *DLJ Mortg. Capital, Inc.*, 975 F.3d at 364–65 ("Here, the August 10 Judgment does not comply with FRCP 58's separate-document rule. . . . The Judgment, which is ten pages, contains one case caption, the trial judge's signature on the last page of the document, and is consecutively paginated.  The judgment portion of the document begins on page seven, where it notes the relief granted and makes several orders.  Further, although titled and docketed as a 'Judgment,' and noting the relief granted, the document contains the District Court's factual findings and legal discussion disposing of DLJ's claims."); *Edwards v. Dep't of Human Servs.*, 725 F. App'x 181, 183 n.1 (3d Cir. 2018) (finding that motion to dismiss order "did not satisfy the separate judgment rule" because it "included some background information, analyzed the parties' claims, and explained why [the plaintiff] failed to state a claim upon which relief can be granted"); *In re Cendant Corp. Secs. Litig.*, 454 F.3d at 244 (holding that the order did not constitute a separate document for purposes of Rule 58 and noting that "the District Court issued a six-page Order, five pages of which were devoted to expounding the background of the case.  Significantly, this overview of the case was not needed to state the relief granted.").

  **B.** *Extension of Time*

  Next, the Court considers Gomez's motion for an extension of time to file a notice of appeal.  (*See* Doc. No. 233.)

  Under Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal must be filed in a civil case within 30 days after entry of the judgment or order appealed from.  Fed. R. App. P. 4(a)(1)(A).  Here, Gomez seeks to appeal the Court's March 15, 2023 Order, which, for the reasons discussed above, constituted a final judgment.  He therefore had until April 14, 2023 to file a notice of appeal.  He did not do so.

Gomez now seeks an extension under Federal Rule of Appellate Procedure 4(a)(5)(A)(ii). (*See* Doc. No. 233).  Rule 4(a)(5)(A) provides that a district court "may extend the time to file a notice of appeal if:  (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).  Nowhere in his motion does Gomez address whether he can show excusable neglect.[2]  (*See* Doc. No. 233.)

"[T]he determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  *Grant v. Revera Inc./Revera Health Sys.*, 655 F. App'x 914, 919 (3d Cir. 2016) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  "*Pioneer* provides four factors to consider when making this equitable determination:  (1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith."  *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 319 (3d Cir. 2012) (cleaned up).

Here, Gomez filed this motion on April 18, only four days after the time prescribed to file a notice of appeal under Rule 4(a)(1)(A) expired.  The Court does not question Gomez's good faith.  And the Court does not find that Plaintiffs would be substantially prejudiced if we were to

---

[2] Gomez also does not argue that there is good cause, and the Court finds that the good cause component of the rule is not at issue here.  *See* Fed. R. App. P. 4 – Committee Notes on Rules – 2002 Amendment ("The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.  The good cause standard applies in situations in which there is no fault—excusable or otherwise."); *see also Ragguette*, 691 F.3d at 323 n.2 ("The good cause standard applies in situations in which there is no fault—excusable or otherwise." (cleaned up)).

grant his motion. Plaintiffs would have faced the prospect of an appeal even if Gomez had filed his notice within the applicable 30-day period. Further, Gomez warned the parties that he intended to appeal, and he only filed his motion four days after the deadline to file his notice of appeal, such that there could not have been too great of a substantial reliance on the Court's judgment. *Cf. Ragguette*, 691 F.3d at 331–32 ("[P]rejudice generally occurs where, for instance, the opposing party has . . . placed substantial reliance on the judgment. The District Court appropriately noted that Premier would have faced the prospect of a trial even if its opponent had filed a notice of appeal within the applicable 30-day period.").

That leaves the third factor—the reason for the delay and whether it was in Gomez's control. Many courts regard this as the most important factor. *See, e.g.*, *D'Angelo v. Vanguard Grp., Inc.*, Civil Action No. 21-4813, 2023 WL 361788, at *8–9 (E.D. Pa. Jan. 23, 2023) ("Other Courts of Appeals also place heightened import on *Pioneer*'s 'reason for delay' factor. For example, the United States Court of Appeals for the Fourth Circuit explained that . . . the third *Pioneer* factor – reason for delay – [is] 'critical' and the 'most important to the excusable neglect inquiry.' The United States Court of Appeals for the Eighth Circuit has held 'the four *Pioneer* factors do not carry equal weight' and 'the reason for the delay is most important.' . . . We agree the reason for the delay is our primary consideration based on our fact findings today."); *Serfess v. Equifax Credit Info. Servs.*, Case No. 13-406 (RBK/JS), 2016 WL 6562040, at *2 (D.N.J. Nov. 4, 2016), *aff'd*, 692 F. App'x 102 (3d Cir. 2017) ("The remaining factor, reason for the delay, is the most important.").

Gomez merely argues that his motion for an extension of time to file a notice of appeal should be granted because he did not believe that the Order the Court entered on March 15, 2023 was a final judgment. (*See* Doc. No. 233 (arguing that he "verily believed that this Court would

6

enter a final judgment as described in Rule 58" after it entered the March 15, 2023 Order and that he thought that the March 15, 2023 Order the Court entered was "ambiguous").)  However, "inadvertence, ignorance of the rules, or mistakes construing the rules" do not support a finding of excusable neglect.  *Serfess*, 2016 WL 6562040, at *2 (cleaned up).  Even if Gomez mistakenly believed that this Court's March 15, 2023 Order was not a final judgment because he misunderstood Rule 58 and therefore miscalculated the time to file a notice of appeal under Rule 4, that does not constitute excusable neglect.  *Cf. Serfess*, 692 F. App'x at 104 ("Serfess's failure to correctly calculate the appropriate timeframe for filing an appeal is insufficient to show excusable neglect.").

On balance, the Court finds that the *Pioneer* factors cut against a finding of excusable neglect.  Accordingly, the Court denies Gomez's motion for an extension of time.

## II.     Conclusion

For the foregoing reasons, the Court denies Gomez's praecipe and motion.

An appropriate Order follows.